## CUNNINGHAM v. CAUTHEN.

1. APPEAL—COSTS.—The prevailing party in an appeal is entitled to his costs in prosecuting his appeal, or resisting that of his adversary.

2. COSTS.—The question of costs on appeal is not settled in this case by previous Circuit decrees.

3. CIRCUIT JUDGE—COSTS—APPEAL.—A Circuit Judge cannot direct the payment of costs on appeal, as in equity cases on circuit.

4. COSTS—APPEAL.—Where both parties appeal, and both lose, no appeal costs ought to be taxed.

5. CROSS-INTERROGATORIES—COSTS.—No costs can be taxed for cross-interrogatories for a witness, examined under the act of 1883, 10 Stat., 373, Rev. Stat., 2345.

Before TOWNSEND, J., Lancaster, October, 1895. Modified.

Action by William J. Cunningham, Thornwell K. Cunningham, Beauregard Cunningham, Robert T. Dunlap, *et al.* against Lewis J. Cauthen, as administrator of Andrew J. Kibler. The questions on appeal are stated in the following decree:

Under the decree and orders of the Court herein, the clerk of this Court proceeded to tax the costs and disbursements of the plaintiffs in this action, and entered the same in the judgement in favor of the plaintiffs and against the

defendant. Both the plaintiffs and the defendant gave notice of motions to be made before the Court to correct the taxation of the costs as made by the clerk herein, in certain specified particulars; and the defendant also gave notice of a motion for an order directing the clerk to tax certain costs and disbursements claimed by the defendant against the said plaintiffs. These motions came on to be heard at Lancaster at the last term of said Court. The motion by the defendant for an order allowing the taxation of certain items as costs and disbursements now taxable in favor of the defendant and against the plaintiffs, is in effect a motion for an order for judgment against the plaintiffs and in favor of the defendant for such costs and disbursements. The motion cannot be granted, for the reason that it has already been finally adjudged in this action that the costs and disbursements thereof shall be paid out of the estate of the defendant's intestate.

This is an equity cause, in which the costs and disbursements are subject to the control of the Court; and the power to direct the payment thereof has already been exercised by the Court in orders made at previous terms requiring that same shall be paid out of the estate of the defendant's intestate. In the order of Judge Witherspoon, dated January 16th, 1891, it is directed "that the costs of this action be paid by the estate of Andrew J. Kibler." Upon an appeal afterwards to the Supreme Court, this order was so far vacated as to leave the question as to the payment of the costs of the action to be determined by the final decree of the Circuit Court thereafter to be made. The matter of directing the payment of the costs being thus again referred to the Circuit Court, a final decree was made by Judge Gary on the 6th day of May, 1894, ordering "that the costs of this action should be paid out of the estate of Andrew J. Kibler." An appeal from this final decree was taken by the defendant, one of the grounds of appeal being "that the Circuit Judge erred in requiring the costs of the case to be paid out of the estate of Andrew J. Kibler, deceased."

The Supreme Court affirmed the decree of Judge Gary in every particular and overruled the above-stated exception thereto taken by the defendant. Upon this judgment by the Supreme Court being remitted to the Circuit Court, an order was made by Judge Earle, dated June 19th, 1895, directing the entry of judgment in favor of the plaintiffs and against the defendant for certain specified sums, and "for the costs and disbursements of the said plaintiffs in this action to be taxed by the clerk and entered in the judgment against the said defendant." It is very clear from these decrees and orders that it has already been finally adjudged that the costs of this action are to be paid out of the estate of the defendant's intestate and that no costs are to be taxed against the plaintiffs. Therefore, the motion by the defendant for an order that certain costs and disbursements be now taxed against the plaintiffs must be refused.

The other motion made by the defendant, as already stated, is to correct the taxation of costs made by the clerk herein, by disallowing certain items of costs and disbursements taxed in favor of the plaintiffs and against the defendant. As has already been shown, the orders and decrees heretofore made herein directed the taxation by the clerk of the costs and disbursements of the plaintiffs in this action, and the entry thereof in the judgment in favor of the plaintiffs and against the said defendant. It follows, therefore, that whatever comes within the description, "the costs and disbursements of this action," was properly taxed by the clerk, and entered in the judgment in favor of the plaintiffs and against the defendant. The only question now open is whether any of the items of costs and disbursements allowed and taxed by the clerk fail to come within the description, "the costs and disbursements of the plaintiffs in this action." If the costs and disbursements allowed and taxed by the clerk are "costs and disbursements" of the plaintiffs in this action, recognized by the statutes upon the subject, then such costs and disbursements were properly taxed against the defendant.

The defendant's first objection is that there was $35 too much allowed by the clerk to plaintiffs' attorneys for attending references previous to the first report, on the ground that there were only forty days of references instead of forty-seven. The weight of evidence is in favor of forty-seven, and I sustain the clerk in this allowance, and overrule the objection. I overrule the clerk in regard to the second allowance, objected to by the defendant, viz: $5, for exceptions to the first report, for the reason that plaintiffs' exceptions thereto were overruled. I sustained the third objection by defendant, viz: to the allowance of $45 to the plaintiffs' attorneys for costs on appeal to the Supreme Court, for the reason that plaintiffs did not succeed in that appeal. I sustain the clerk's allowance of $15 to plaintiffs' attorneys for three days reference concerning the second report, the weight of the testimony being that way, and hence the defendant's fourth objection is overruled. I sustain defendant's fifth objection, and overrule clerk's allowance of $5 for exceptions to second report, on the ground that the said exceptions were overruled. I sustain the sixth objection by defendant, and overrule this allowance to plaintiffs' attorneys of all Supreme Court costs on second appeal, because the plaintiffs did not prevail in said appeal. I overrule defendant's seventh objection, and sustain the allowance of $141 to the referee on weight of evidence. The defendant's eighth objection must be sustained, and the allowance by the clerk of the items $75, $5.26, $1.05, 25 cents, $96.52, $5.10, $15.40, $80.25, $7.60, $40.12, $24.75, and $3 are overruled, on the ground that all of them relate to appeals to the Supreme Court in which the plaintiffs did not prevail in any respect. All costs for defendant against the plaintiffs are disallowed under previous orders of this Court directing the estate of A. J. Kibler to pay all costs.

It remains to consider the motion by the plaintiffs to correct the taxation of the costs and disbursements in favor of the plaintiffs and against the defendant, made by the clerk herein, by allowing and taxing against the defendant

certain additional items of costs and disbursements. The first item of costs and disbursements proposed by the plaintiffs and disallowed by the clerk is the charge of $8 "for cross-interrogatories for P. H. Nelson." There was no affidavit or other proof by the defendant in contradiction of the affidavit by the plaintiffs' attorney in support of this charge; but it is objected by the defendant that, as P. H. Nelson was not examined by the commission but on notice under the act of 1883, no charge for cross-interrogatories can be allowed.

It appears that neither the attorneys for the defendant nor the counsel for the plaintiffs attended at the examination of the witness, which had been before a notary public in Kershaw County; but "interrogatories for P. H. Nelson" were served by the defendant's attorneys along with the notice of taking the deposition and "cross-interrogatories for P. H. Nelson," were served by the plaintiffs. The examination of the witness was held upon this notice and these interrogatories, and his deposition was used in the cause. Section 2551 of the General Statutes provides for the taxation of costs for "cross-interrogatories," $8; and the cross-interrogatories were as necessary and proper in this case as in any other. It is, therefore, considered that this item of costs should have been taxed by the clerk, and entered in the judgment in favor of the plaintiffs and against the defendant. The second, third, fourth, and fifth items of costs alleged by the plaintiffs as improperly disallowed by the clerk are as follows: 2d. For briefs for Circuit Judge, first trial, $5. 3d. For trial of the case in Circuit Court, first trial, $5. 4th. For briefs for Circuit Judge, second trial, $5. 5th. For trial of the cause in Circuit Court, second trial, $5. Of which the second and fourth are allowed, and the third and fifth are disallowed. The sixth item of costs and disbursements alleged by the plaintiffs as improperly disallowed by the clerk is the charge of $90, referee's fees "for number of days actually engaged in making first report, stating accounts &c.," said number of

days so actually occupied being proven by the affidavit of the referee as fifty-one days, "but only charged by the referee as thirty days in stating accounts and making report." And the seventh item of costs and disbursements alleged by the plaintiffs as improperly disallowed by the clerk is the item of $18, referee's fees "for six days occupied in the business of the reference in making last report, restating the accounts, &c.," in conformity to the decrees herein. By the order of reference herein, the referee was required to take the testimony, report his findings of fact and conclusions of law, and state the accounts of Andrew J. Kibler, as administrator of the estate of J. A. Cunningham, with the estate and with each distributee. It was necessary that the referee should, after the conclusion of the taking of the evidence, examine a large mass of testimony, scrutinize a vast number of vouchers, and that he should make numerous calculations of interest and commissions in stating the accounts between the said administrator of Cunningham and the estate of his said intestate, and between the said administrator and the several distributees, the plaintiffs herein. It was necessary, under the order afterwards made to restate the accounts, that the referee should again make calculations of interest and commissions, to conform the stated accounts to the principles settled by the decrees herein. The accounts so stated and restated extended over a period of twenty or twenty-five years. The referee has made affidavit that he was so occupied on the first report for a period of fifty-one days, but he only charged for thirty days as actually necessary and fully occupied in so examining the testimony and vouchers and in stating accounts and in making said report. The referee also made affidavit that he was engaged in restating the accounts and in making the second report for the period of six days. This affidavit was before the clerk, but he allowed the referee only the sum of $3 for each report, although there was no evidence to contradict the affidavit of the referee that thirty days and six days respectively were occupied and were necessary in

making these two reports, stating the accounts, &c. From the mass of the testimony in the case and from the length of the accounts and the reports, this affidavit of the referee is fully supported by the record. The referee was at the time the clerk of the court, and experienced in the work of stating accounts and in the general business of a referee. The allowance by the clerk in taxing these costs of only $3 in each instance, instead of $90 and $18, respectively, as shown by the affidavits to be correct, seems to have been based upon the theory that, as the Code allows $3 to a master for making a report, only $3 should be allowed to a referee for the time occupied by him in stating accounts, examining evidence and making his report, although there is no similar provision as to a referee.

Section 2556 of the General Statutes provides that "each referee shall be entitled to receive for every day occupied in the business of the reference the sum of $3." There is no provision anywhere in the statutes fixing any sum as the amount to be paid a referee for making a report; but the general provision above quoted, that the referee shall receive $3 for every day "occupied in the business of the reference," plainly covers the time engaged in the making of the report. The referee, who is required by the order of reference to take testimony, hear arguments, state accounts and make a report, is as clearly "engaged in the business of the reference" during the days when he is stating the accounts, examining evidence and vouchers, and making his report, as when he is taking testimony. The one is as much a part of "the business of the reference" as the other. The uncontradicted proof is that the referee in this case was occupied in examining the evidence, in stating the accounts, and in making up his report for the full period of thirty days before the first report, and for the full period of six days before the second report. It is very clear that while so engaged he was "occupied in the business of the reference," as the order of reference required the statement of accounts and the making of the reports; and it follows that the taxa-

tion of costs in this case should be corrected by striking out the allowance of only $3 for first report, and substituting $90 instead, and by striking out the allowance of $3 for second report and substituting $18 instead.

It is, therefore, ordered, that the taxation of costs made by the clerk herein be corrected, by charging therein in favor of the plaintiffs and against the defendant the following additional items mentioned above, that is to say: "As costs of plaintiffs' attorneys: for cross-interrogatories for P. H. Nelson, $8; for briefs for Circuit Judge, first trial, $5; for briefs for Circuit Judge, second trial, $5. Disbursements, referee's costs—for number of days actually occupied in the business of reference in making first report, stating accounts, etc., thirty days, at $3, $90; for number of days actually occupied in the business of the referenec in making second report, stating accounts, etc., $18." Total additional costs of referee, in addition to other costs allowed referee for taking evidence, etc., $108. The said taxation of costs must then be further corrected by striking out the two items of $3 each allowed the referee in former taxation for making the first and second reports respectively, said two items being covered by the two items of $90 and $18 above stated. The clerk will enter the correction of the taxation of the costs herein accordingly, and will amend and correct the judgment in favor of the plaintiffs and against the defendants, so as to conform the same to the amended taxation of costs. In all other respects other than as above specified, the taxation of costs by the clerk is confirmed.

From this decree the plaintiffs appealed on following exceptions:

I. Because the Circuit Judge, having correctly concluded that the power to direct the payment of the costs and disbursements of the plaintiffs in this action had been already exercised in previous orders of the Court directing judgment in favor of the plaintiffs and against the estate of the defendant's intestate for such costs and disbursements, erred

in concluding that the following items of the costs and disbursements of the plaintiffs in this action should not be taxed against the estate of the defendant's intestate, that is to say: 1. The item of $5, plaintiffs' attorney's costs "for exceptions to the first report" of the referee, which item was disallowed by the Circuit Judge, for the reason as stated by him, "that plaintiffs' exceptions thereto were overruled." 2. The item of $10, plaintiff's attorneys' costs for "making and serving case on appeal to Supreme Court, first appeal," $15 for "appeal to Supreme Court, first appeal, and $20 for "argument in Supreme Court, first appeal," which said items (aggregating $45) were disallowed by the Circuit Judge for the reason, as stated by him, "that plaintiffs did not succeed in that appeal." 3. The item of $5, plaintiffs' attorneys' costs for "exceptions to the second report" of the referee, which item was disallowed by the Circuit Judge, as stated by him, "on the ground that said exceptions had been overruled." 4. The items of plaintiffs' attorneys' costs of $10 for "making and serving case, &c., on second appeal to Supreme Court," of $15 for "appeal to Supreme Court, second appeal," and of $20 for "argument in Supreme Court, second appeal," which said items were disallowed by the Circuit Judge, for the reason, as stated by him, that "the plaintiffs did not prevail in said appeal." 5. The items of disbursements by the plaintiffs of $75 paid for "printing testimony for first appeal," of $5.26 paid "deputy clerk for copying report and papers," of $1.05 paid "Probate Judge for copying order of sale of Cunningham estate (made by order and for use of Circuit Judge)", of 25 cents paid for "sending briefs to Supreme Court," of $56.52 paid for "printing brief for Supreme Court," of $5.10 paid for "copying case for Supreme Court," $15.40 and $80.25 paid for "printing points for Supreme Court, first appeal," of $7.60 paid for "copy of decision of Supreme Court," of $40.12 paid for "printing second brief for Supreme Court," and of $24.75 and $3 paid for "printing points for plaintiffs on second appeal to Supreme Court,"

which said items were disallowed by the Circuit Judge, for the reason, as stated by him, "that all .of them relate to appeals to the Supreme Court in which plaintiffs did not prevail in any respect." 6. The items of plaintiffs' attorneys' costs of $5 for "trial of the cause in the Circuit Court, first trial," and of $5 for "trial of the cause in Circuit Court, second trial," which items were disallowed by the Circuit Judge without reason assigned.

II. Because, as to each and every one of the items mentioned in division I. of these grounds of appeal, the Circuit Judge erred in setting aside and disregarding the previous orders of the Court herein, directing judgment to be entered in favor of the plaintiffs and against the estate of the defendant's intestate, "for the costs and disbursements of the said plaintiffs in this action, to be taxed by the clerk."

III. Because, as to each and every one of the items mentioned under subdivisions 2, 4, and 5 of division I. of these grounds of appeal, the Circuit Judge erred in finding as matter of fact that same "relate to appeals to the Supreme Court in which plaintiffs did not prevail in any respect."

IV. Because, even if the items mentioned under subdivisions 2, 4, and 5 of division I. of these grounds of appeal were items of costs and disbursements relating to appeals to the Supreme Court in which plaintiffs did "not prevail in any respect," nevertheless the same are, as is in effect found by the Circuit Judge, costs and disbursements of the plaintiffs in this action, and the Circuit Judge had no power to disregard or set aside in whole or in part the previous orders of the Court herein, directing the entry of judgment in favor of the plaintiffs and against the defendant for the said "costs and disbursements of the plaintiffs in this action;" and the Circuit Judge, therefore, erred in disallowing the said items, as well as in disallowing all the other items above mentioned, and erred in failing to order the taxation and entry of all the said items in the judgment in favor of the plaintiffs and against the defendant.

From same decree the defendant also appeals on following exceptions:

1. Because the Circuit Judge erred in allowing plaintiffs' attorneys a per diem for forty-seven days of reference held previous to the first report of the referee, when, in fact, references were only held forty days, and on each of the other seven there was nothing done, but an adjournment. For this work he has allowed $35 too much. *a.* And in like manner he has been allowed one day too many for references for second report. *b.* He has also erred in allowing them $8 for interrogatories sent for the examination of P. H. Nelson, under the act of 1883—the *de bene esse* act—when no commission to take testimony was issued.

2. Because the Circuit Judge erred in allowing the referee a per diem of forty-seven days for holding reference before he made his first report; whereas he was only engaged in holding references forty days—he has allowed the referee $21 too much, and so he has allowed him one day too many in the reference for the second report.

3. Because the Circuit Judge erred in allowing the referee, after he had closed the references and finished taking testimony for the first report, a per diem for thirty days—thus allowing the referee $90 to which he is not entitled. And, in the same manner, he erred in allowing the referee, after he had closed his reference for the second report, a per diem for six days, without warrant of law.

I. And in reviewing the motion made before the clerk (which the clerk refused) for an adjustment and taxation of the following bill of costs and disbursements recovered by the defendant against the plaintiffs, by reason of his successful appeals in the Supreme Court, the Circuit Judge erred in disallowing the same, and in refusing to direct the adjustment of these costs and disbursements, and holding that the defendant is not entitled to the same, viz: For making and serving case in the first appeal, $10; on appeal to Supreme Court, $15; argument in the Supreme Court, $20—$45. Disbursements in this appeal: paid Lancaster

Ledger one-half printing of testimony, $75; paid to send brief by express, 25c.; paid Enterprise Pub. Co., printing case for Supreme Court, $52.52; paid M. C. Allison, copying papers for appeal, $5.10; paid for printing points and authorities (R. E. & R. B. A.), $70.50; paid for printing points and authorities (Giles J. Patterson), $30; paid for printing points and authorities (R. W. Shand), $6; paid A. M. Boozer, clerk, copy of opinion, $7.60; disbursements, $246.97. Costs and disbursements of defendants' first appeal, $291.92. For a successful resistance of the first appeal taken by plaintiffs from the decree of Judge Witherspoon: making and serving amendments to case, $10; on appeal (plaintiffs' appeal) to Supreme Court, $15; argument in the Supreme Court, $20—$45. For a successful resistance of the appeal taken by plaintiffs from the decree of Judge Gary: making and serving amendments to case, $10; on appeal (plaintiffs' appeal) to Supreme Court, $15; argument in Supreme Court, $20—$45. Disbursements in resisting last appeal: paid Enterprise Pub. Co. one-half for printing case, $40.12; paid Enterprise Pub. Co. for printing points (R. E. & R. B. A.), $24.75—$64.87. Total cost and disbursements in resisting plaintiffs' appeals, $154.87.

II. Because the Circuit Judge erred in refusing to the defendant these costs, on the ground that it has been already finally adjudged in this action that the costs and disbursements thereof shall be paid out of the estate of the defendant's intestate; whereas no adjudication as to the costs and disbursements of the appeals in the Supreme Court has yet been made, and no order of the Circuit Court directing the payment of costs could effect the Supreme Court costs, recovered by reason of successful appeals, and the Judge erred in holding otherwise.

III. Because the costs of the action referred to in the Circuit decrees relate to the general costs that accrued in the Circuit Court, and not to the costs of the appeals, which were controlled by and follow the success of the appeals. At all events, the defendant has recovered costs in his suc-

cessful appeal from Judge Witherspoon's decree, and the Circuit Judge erred in holding otherwise.

*Mr. Ernest Moore*, for plaintiff, appellant, cites: 26 S. C., 321; Gen. Stat., 2547; Code, 323; 25 S. C., 2; 15 S. C., 185; 25 S. C., 267; 41 S. C., 41; 32 S. C., 216; 31 S. C., 184; 24 S. C., 264; 22 S. C., 271; 20 S. C., 34; 16 S. C., 619.

*Messrs. R. E. & R. B. Allison*, for defendants, appellants, cite: Rev. Stat., 2547, 2548, 2559; 13 S. C., 397; 25 S. C., 245; 36 S. C., 555; 32 S. C., 189; 41 S. C., 206; 43 S. C., 262; 41 S. C., 363; 32 S. C., 195; 22 Barb., 36; 13 S. C., 36; 22 Barkley, 86.

July 16, 1896.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.   In this case both sides appeal from an order made by his Honor, Judge Townsend, on motion to correct the taxation of costs as allowed by the clerk.   It appears that the original decree was rendered by his Honor, Judge Witherspoon, from which both sides appealed, which was disposed of as appears by the report of the case in 37 S. C., 123, from which it will be seen that the plaintiffs were wholly unsuccessful in that appeal, while the defendant succeeded in materially modifying the Circuit decree.   Mr. Justice McGowan, delivering the opinion of this Court, in speaking of the exceptions to that portion of the decree of Judge Witherspoon which adjudged "that the costs of this action be paid by the estate of Andrew J. Kibler," used the following language: "As the case will have to go back to the circuit to reform the account in some respects, we think it better that the order as to costs should await that accounting.   The order as to costs is reversed without prejudice."   The case having been remanded to the Circuit Court, came on to be heard by his Honor, Judge Ernest Gary, who rendered a decree from which both sides again appealed, as will be seen by reference to 44 S. C., 95, where it appears that both appeals were dismissed and the decree of Judge Gary was, practically, affirmed.   In that

decree Judge Gary, in treating of the matter of costs, used the following language: "After considering the facts, I agree with Judge Witherspoon that the costs of this action should be paid out of the estate of Andrew J. Kibler, and I so decree." The foregoing statement has been deemed necessary for a proper understanding of what seems to be the main question presented by the present appeal. The other facts may be gathered from the order of Judge Townsend, which with the grounds of appeal, both on the parts of the plaintiffs and defendants, should be incorporated in the report of this case.

The main question, as we understand it, is as to which side is entitled to the costs of the appeals to the Supreme Court from the decree of Judge Witherspoon; and also whether either side is entitled to the costs of the appeals from the decree of Judge Gary. In the case of *Huff* v. *Watkins*, 25 S. C., 243, approving the previous decision in *Cleveland* v. *Cohrs*, 13 S. C., 397, it was held distinctly that the statutory provision as to costs of an appeal to the Supreme Court was intended to allow such costs to the prevailing party in the appeal, without regard to the final result of the action. These two cases, as well as the subsequent case of *Sease* v. *Dobson*, 36 S. C., 554, were distinctly recognized and followed in the very recent case of *Sullivan* v. *Latimer*, 43 S. C., 262. It must now be regarded as settled, that the prevailing party in an appeal, whether he be appellant or respondent (*Sease* v. *Dobson*, *supra*,) is entitled to his costs in prosecuting his appeal or resisting that of his adversary, without regard to the final result of the action in the Circuit Court.

It is contended, however, on the part of the plaintiffs that this question has been concluded by the decrees of Judge Witherspoon and Judge Gary, adjudging that the costs of the action, which, it is claimed, include the costs of the appeals, must be paid out of the estate of Kibler, defendant's intestate. This contention is based upon an entire misconception of the true

intent and effect of those decrees.    It is very manifest that the decree of Judge Witherspoon was not intended to embrace, and could not have embraced, the costs of any appeal from his decree, for no such appeal had been taken when that decree was filed, and it would have been impossible for any one to know that any such appeal would thereafter be taken; and it is equally manifest from the terms used by Judge Gary in his decree, that he did not intend to embrace in his decree any provision that the *costs of appeal* should be paid out of the estate of Kibler, for he says, expressly: "I agree with Judge Witherspoon that the costs of the action should be paid out of the estate of Andrew J. Kibler;" showing very clearly that his intention was to make the same decree, as to costs, which had been made by Judge Witherspoon, which, as we have seen, could not possibly be construed as embracing the costs of appeal.

But even if it were possible to construe the decrees of Judges Witherspoon and Gary, as contended for by plaintiffs, then we would be compelled to hold that those Judges had no power to make any decree to that effect.    For, in the very recent case of *Hall* v. *Hall*, 45 S. C., 32, it was distinctly held that the prevailing party in the Supreme Court has the right to tax costs incurred on appeal, and they do not fall within the statutory provision empowering the Circuit Judge to direct, in equity cases, which of the parties shall pay the costs.    This ruling was in direct conformity to a remark made by the late Chief Justice Simpson, in *Rabb* v. *Flenniken*, 32 S. C., at page 195, which, though then a *dictum*, has since become the law by the direct decision in *Hall* v. *Hall*, *supra*.    The several cases cited by counsel for plaintiffs as being in conflict with the view hereinbefore taken, do not, in our judgment, present any such conflict, for the reason that the question which we have been considering was not made in any of those cases.

It seems to us, therefore, that the Circuit Judge erred in refusing defendant's motion for an order directing the clerk

to tax his costs in his appeal from the decree of Judge Witherspoon, in which he prevailed, in large part at least; and in refusing his motion for an order directing the clerk to tax his costs incurred in successfully resisting the appeal of plaintiffs from Judge Witherspoon's decree.

As to the costs of the two appeals from Judge Gary's decree, in which both sides were unsuccessful, while it might be that plaintiffs would be entitled, under the foregoing cases, to the costs of successfully resisting the appeal of defendant, yet, on the other hand, upon the same principle, the defendant would be entitled to his costs in successfully resisting the appeal of the plaintiffs from that decree, and thus one set of costs would set off against the other, and the practical result would be that neither side should be allowed to tax costs against the other on these appeals.

The next question which we propose to consider is, whether there was any error in allowing plaintiffs $8 for the cross-interrogatories propounded to the witness, P. H. Nelson. This witness was not examined under a commission sent to commissioners under the long and well settled practice, but he was examined under the provisions of the act of 1883, 18 Stat., 373. In this act, which, in terms, is declared to be for the purpose of providing an *additional* method to those then provided by law for obtaining the testimony of a witness in certain cases, there is no provision for such costs as were here allowed; and in the absence of any such provision, the well settled rule is, that no such allowance can be granted, as the party who claims costs must be able to put his finger upon the statute allowing the costs in question. There is a provision for such an allowance, where a witness is examined by commission; but where he is examined under the provisions of the act of 1883, no cross-interrogatories are necessary (*Moore* v. *Willard*, 30 S. C., 615), and if a party chooses voluntarily to use cross-interrogatories, he can make no charge for the same, in the absence of any statute allowing such a charge.

As to the other points upon which exceptions are taken to the order of the Circuit Judge by these appeals, we agree with him, for the reasons stated in his order; and, hence, such points need not be further considered.

The judgment of this Court is, that the order of the Circuit Judge, except where it conflicts with the views herein presented, be affirmed; and as to those points wherein it is in conflict with this opinion, it be reversed, and that the case be remanded to the Circuit Court for the purpose of having the views herein announced carried into effect.