## BRYAN v. REAM.

Costs—Commissions—Master—Partition—Words and Phrases.—
The word "costs," in sec. 2548, Rev. Stat., as amended by act of
1897, includes "master's commissions," and in partition sale of less
than $1,000, he is only entitled to one-half commissions.

Before Benet, J., Saluda, June, 1900. Reversed.

From order on motion to correct taxation of master's
commissions in Patia A. Bryan *et al.* against B. L. Ream
*et al.*, parties to this suit appeal.

*Mr. C. J. Ramage,* for appellant, cites: Rev. Stat., 2548;
22 Stat., 429; 44 S. C., 500; Rev. Stat., 2553; 27 S. C., 15;
2 Bail. L., 554; Rev. Stat., 2557; Harp. L., 326; 6 Rich. L.,
106; 3 McC. L., 25; 1 McM., 97; 1 Rich., 209; 5 Stat., 161;
7 Stat., 264; Rev. Stat., 2561; 19 S. C., 17; 24 S. C., 459;·
16 S. C., 62; Rev. Stat., 2547; 4 Rich. L., 608; 24 S. C.,
540; 44 S. C., 174; Rich. Eq. Cases, 227; 24 S. C., 457.

*Mr. E. W. Able,* contra.

March 1, 1900. The opinion of the Court was deli-
vered by

Mr. Justice Jones. This is an appeal from an order
refusing to correct the clerk's taxation of costs which allowed
the master $10 as commissions on sales instead of one-half
that sum. The sale was in partition of land, and was for
less than $500. The Circuit Court held that a master's com-
missions are not "costs," and are not affected by the act of
1897, 22 Stat., 429, which amends sec. 2548 so as to read
as follows: "The costs allowed by law in all ·cases of parti-
tion, where the property sought to be partitioned does not
exceed $1,000 in value * * * shall be one-half of the costs
allowed in cases where the value exceeds those sums; and
this provision shall apply to all costs in the cause."

We think the Circuit Court erred. Sec. 2557, R. S.,

allows a master "the same commissions for moneys passing through his hands by sales or otherwise, as are now allowed by law to sheriffs." As applied to an officer, commissions are fees, since both are intended to compensate for services rendered. By the statute in this case, commissions are fees, since commissioners are allowed in section 2557, beginning "Masters shall be entitled to the following fees." In a technical view, there is a distinction between costs and fees, the former being an indemnity to a party for expenses, the latter being a recompense to an officer for services; but this is not controlling in the ascertainment of the intention of the legislature in the use of the terms. Section 2548 as it stood before the act of 1897, *supra,* concluded with these words after the language quoted above: "except clerk's and sheriff's costs." The term "costs" here manifestly was intended to include clerk's and sheriff's fees, and this shows that by the use of the words "costs" in the remaining portion, the intention was to include all officers' fees except those of the clerk and sheriff. The striking out of the words "except clerk's and sheriff's costs" in the amendment of 1897, *supra,* did not change the meaning of word costs, so as to exclude fees previously included, but was intended to include all officers' fees, without exception. In *Lewis* v. *Brown,* 16 S. C., 62, and *Cureton* v. *Westfield,* it was held that the fees of the clerk and sheriff may be taxed as costs of the clerk and sheriff. Without further amplification we think that section 2548, as amended, includes in the term "all costs" the fees and commissions allowed to officers, including the master.

The judgment of the Circuit Court is reversed, and the case remanded for taxation of costs in conformity with the view of this Court as above announced.