## MITCHELL v. BARRS

COSTS—WITNESSES' FEES—PAYMENTS—DISBURSEMENTS—SECOND ACTION.—When a winning party in suit for possession of land taxes costs for his witnesses to witnesses individually on the subpœna tickets and their affidavits of attendance, &c., and losing party pays costs as taxed to witnesses individually, taking their receipts and filing same with the clerk of the Court, he has paid the costs as taxed and may bring a second action, although winning party had previously paid his witnesses part of their fees. Where party summoning witnesses pays their fees in part, he must tax amounts paid as disbursements on his affidavit to require losing party to pay same to him or to clerk of Court.

Before BUCHANAN, J., Lexington, March, 1902. Reversed.

Action by Eudocia J. Mitchell against John J. Barrs. From order granting motion to dismiss complaint for failure to pay *all* costs of first action, plaintiff appeals.

*Messrs. Muller & Sturkie,* for appellant, cite: 24 S. C., 457; 16 S. C., 58; Code, 326.

*Messrs. Efird & Dreher* and *Andrew Crawford,* contra. The former cite: Rev. Stat., 2547 to 2570; Code, 324; Rev. Stat., 2327; 2 McC., 244; 1 Hill, 398; Cheves, 26; 2 Bail., 272; 16 S. C., 62; 24 S. C., 459, 539; 22 Ency. P. & P., 1355.

May 26, 1902. The opinion of the Court was delivered by

Mr. Justice Gary. The question raised by this appeal is whether witnesses have the right to execute a valid receipt for costs taxed in their favor by the prevailing party, when paid to them by the party cast in the suit, there being no affidavit in the record that the prevailing party had paid such costs as disbursements. The facts are thus set out in the record: "This is a second action brought by the plaintiff against the defendant for the recovery of a certain tract of land in Lexington County. In the trial of the case the verdict was for the defendant. The second action is brought under sec. 98 of the Code of Civil Procedure. And defendant put in an answer among other things as follows: 'For a first defense: That he denies each and every allegation in the said complaint contained, and alleges that this plaintiff some years ago commenced an action against this same defendant for the possession of a tract of land described in this complaint; the same came on for trial before a jury at the September term of Court in 1899, and resulted in a verdict for the defendant, upon which judgment was entered, costs taxed, and this second action is now brought before all of the costs as taxed in the first action were paid.' The record shows by the return of the sheriff indorsed on the original

summons that the second action was not served upon the defendant until the 23d day of May, 1901. When the case was called for trial, it appeared that the costs had been taxed against the plaintiff for the former trial before the clerk of the Court. And in the taxation allowed by the clerk of Court under the head of disbursements, costs were allowed for defendant's witnesses, among whom were the following: D. J. Knotts, surveyor, four days, at $3, one plat $2.14, $14.40; D. J. Knotts, witness, 9 days, 150 miles, $16.50; N. G. Callaham, witness, 7 days, 30 miles, $13.00; R. McIver, witness, 7 days, 31 miles, $13.10. And it further appears that said costs for disbursements were taxed by the clerk of the Court upon the subpœna tickets issued to each of the witnesses, with their individual affidavit attached as to their attendance as witnesses, and without any statement in detail or verification made by the defendant as prevailing party. It further appears from the record that the plaintiff paid the costs as taxed by the clerk, but in doing so did not pay it to the defendant nor to the clerk of the Court, but paid it directly to the witnesses themselves, taking their individual receipts therefor, and filing the same with the record in clerk of Court's office as satisfaction of said costs as taxed. Counsel for the defendant moved to dismiss the complaint for the reasons stated in the stenographer's notes, and his Honor, Judge O. W. Buchanan, who heard the case, granted the order sustaining the motion and dismissed the complaint. The case now comes before this Court solely upon a question of law, the facts being admitted; and that question is, should the plaintiff have paid the costs, as taxed for said witnesses under the head of disbursements, to the clerk of Court or the defendant, in order to comply with the requirements of sec. 98 of the Code, or was the payment of said costs as taxed by the clerk directly to the witnesses, and the taking and filing receipts in the case as a satisfaction of said costs, a compliance with the terms of the statute?"

The appellant's exceptions are as follows:

"I. Because his Honor erred in dismissing the complaint

upon the grounds that the costs as taxed by the clerk of Court under the head of disbursements should have been paid to the clerk of the Court or to the defendant, the prevailing party.

"II. Because it is respectfully submitted that his Honor should have held that the money paid to the witnesses, being their individual costs, the same as that of the clerk of Court, sheriff and other officers of the Court, and the taking of their individual receipts therefor and filing of the same with the record in the case, was such satisfaction as is contemplated by law under sec. 98 of the Code of Civil Procedure. And in not refusing to dismiss the complaint."

There was testimony to the effect that the defendant had paid the witnesses at least a part of their costs before they received payment from the plaintiff. In the case of *Lewis* v. *Brown,* 16 S. C., 58, the Court says: "It is quite true that the theory of the law is that the fees of officers and witnesses are to be paid by the party who calls their services into question; but in itemizing the bill of his disbursements to be inserted in the judgment, we do not see how the fact that these items are set down as sheriff or witnesses' fees, instead of being stated as cash paid sheriff or witnesses for their fees, can make any practical difference. The prevailing party is entitled to have the amount of such fees taxed; and if as set down in the bill they appear to be due these officers and witnesses rather than the prevailing party, we do not see how the other party can be prejudiced thereby." Mr. Chief Justice McIver, delivering the opinion of the Court, in *Cureton* v. *Westfield,* 24 S. C., 457, uses the following language: "All the other items appear to be items of costs due to the several officers of Court, fixed by law, and which could not properly be charged as disbursements unless paid out by plaintiff, and which could not be verified as such. When charged as due to the several officers, there can be no necessity for any verification, as the amounts are fixed by law, and their correctness can better be determined by a comparison of the record with the items as fixed by statute than by an affi-

davit, which could only state the facts as there found. It is true, that the theory of the law is that the fees of the clerk and sheriff are paid by the party who calls their services into requisition at the time the services are performed, and when that is done the facts of such payment should be verified by affidavit, as these fees then become disbursements, strictly speaking. But when this is not done, as is very often the case, then the fact of such payment could not be verified, and these fees cannot properly be classed as disbursements, but may be taxed as costs due to the several officers"—citing *Lewis* v. *Brown,* 16 S. C., 58. The costs of the witnesses are fixed by statute, and we see no reason why the foregoing language is not likewise applicable to the costs of witnesses. In order for the prevailing party to be able to tax the costs of the witnesses as disbursements, he must have paid such costs, and disbursements must be verified by affidavit. Code, sec. 326. When this is not done, the costs will be regarded as taxed in favor of the witnesses, in which case the witnesses have the right to execute a valid receipt for their costs.

It is the judgment of the Court, that the judgment of the Circuit Court be reversed.