13289

BLACK v. B. B. KIRKLAND SEED CO.

(161 S. E., 489.)

*Messrs. Melton & Belser,* for appellant,

*Messrs. D. W. Robinson, Jr.,* and *D. W. Robinson,* for respondent,

December 4, 1931.

The opinion of the Court was delivered by Mr. Chief Justice Blease.

On the first trial of this case, in the County Court of Richland County, there was a verdict, with judgment thereon, in favor of the plaintiff. The appeal of the defendant was sustained, and the cause was remanded to the lower Court for a new trial. See 158 S. C., 112, 155 S. E., 268.

The second trial resulted in a verdict in favor of the plaintiff in the sum of $360.00; and the defendant's motion for a new trial was refused by the County Judge, Hon. M. S. Whaley. There was no appeal so far as the second trial itself was concerned.

After rendition of the second verdict in favor of the plaintiff, he proceeded to have judgment in his favor entered up against the defendant in the sum of $360.00, the amount of the verdict, with interest thereon, leaving, however, the amount of the costs to be taxed later. Afterwards, there were taxed in favor of the plaintiff costs in the total sum of $43.75, consisting of witness fees and mileage of four witnesses of the plaintiff and the costs of the Clerk of Court. The total amount of the judgment, therefore, entered in favor of the plaintiff against the defendant, was the sum of $403.75.

The defendant's attorneys, by letter, advised the attorney for the plaintiff that they were ready and willing to settle

the amount of the verdict and costs of the second trial due the plaintiff, after proper credit was allowed defendant for the Supreme Court costs due the defendant by the plaintiff on the appeal from the first judgment, amounting to $329.70. The items making up this bill of costs, with the exception of the Clerk's costs of $4.50, and the fees allowed the appellant's attorneys of $35.00, consisted of the Court stenographer's bill for furnishing the transcript, amounting to $64.20, and the printer's bills for printing the transcript and the appellant's argument, amounting to $226.00. (In passing, we may say that the large sums due and paid the stenographer and printer might have been considerably reduced if counsel engaged in the cause had properly agreed to the making up of the record for the appeal. The Supreme Court costs amounted to almost as much as the plaintiff's judgment. This matter is not now of concern in the present appeal. We call attention to it, however, for the reason that we are more and more convinced that attorneys should look more particularly after their client's interests in the matter of preparing a record for presentation in this Court. A little extra work, with a desire to aid their clients, will often result in reducing appeal costs. In addition it will aid this Court considerably in passing upon the appeal not to be forced to wade through a record of undue length.) Plaintiff's attorney forthwith declined to accept the proposed settlement. Proper notice was then given by attorneys for the defendant to the plaintiff's attorney of the proposed taxation of the Supreme Court costs, the notice setting forth the items of costs. The taxation of costs claimed by the defendant was allowed by the County Judge.

The judgment in favor of the plaintiff for the amount of his verdict and his costs was entered on January 16, 1931. The judgment for the Supreme Court costs in favor of the defendant was entered on February 2, 1931. Between the dates of entry of these respective judgments, the plaintiff, on January 23, 1931, by written instrument, probated and filed in the judgment roll, assigned one-half interest in the

verdict and judgment in his favor to his attorney for "legal services rendered."

On February 13, 1931, execution in favor of the plaintiff on his judgment was issued, and the same was served upon the defendant on the 18th of February. The defendant did not have, previous to the date last mentioned, actual notice either of the entry of judgment or the issuance of execution.

At the instance of the defendant, his Honor, County Judge Whaley, issued a rule, requiring the plaintiff and the sheriff of Richland County, briefly stated, to show cause why the plaintiff should not allow as an offset on his judgment against the defendant the amount of the judgment in favor of the defendant against the plaintiff. After hearing, the County Judge, on February 21, 1931, discharged the rule to show cause. He based his action mainly on two grounds: First, because the plaintiff had assigned to his attorney one-half of the amount of his recovery as compensation for the attorney's services; and, second, that the defendant had no right of offset as against the costs taxed in favor of the plaintiff for the Clerk of Court and the plaintiff's witnesses, since there was no showing that these costs and witness fees had been paid by the plaintiff.

From the last-mentioned order, the defendant has appealed to this Court.

To sustain the lower Court's order, the respondent relies upon the principle that where there is a contract between client and attorney, whereby the attorney is to receive a stipulated portion of the recovery, if and when obtained as his compensation, and an assignment is made after the verdict is obtained, no set-off will be allowed as against the portion of the judgment so assigned. *Simmons v. Reid,* 31 S. C., 391, 9 S. E., 1058, 17 Am. St. Rep., 36; *Ex parte Wells,* 43 S. C., 477, 21 S. E., 334; *Ex parte Hiers,* 67 S. C., 108, 45 S. E., 146, 100 Am. St. Rep., 713; *Adair v. Bank,* 139 S. C., 6, 137 S. E., 192, 51 A. L. R., 1269.

We think, however, that the facts and circumstances of the case at bar differentiate it from the principle recognized and applied in the foregoing authorities. It is to be observed that this is not a case of offsetting one judgment against another, but of fixing the amount of the judgment by *adjusting* the costs taxed to both parties.

The following provisions of the Code are pertinent:

"In every civil action commenced or prosecuted in the Courts of record of this State (except cases in chancery), the attorneys of plaintiff or defendant shall be entitled to recover costs and disbursements of the adverse party as prescribed in Chapter XCII, Vol III, of the Civil Code of 1922, such costs to be allowed as of course to the attorneys of plaintiff or defendant, and all officers of the Court thereto entitled, accordingly as the action may terminate, and to be inserted in the judgment against the losing party to such action." Section 623, Code of Civil Procedure 1922.

"The Clerk shall insert in the entry of judgment, on the application of the prevailing party, upon five days' notice to the other, except when the attorneys reside in the same city, village or town, and then, upon two days' notice, the sum of the allowances for costs and disbursements, as provided by law, the necessary disbursements, including the fees of officers allowed by law, the fees of witnesses, the reasonable compensation of commissioners in taking depositions, the fees of referees, and the expense of printing the papers for any hearing, when required by a rule of the Court. The disbursements shall be stated in detail and verified by affidavit. A copy of the items of the costs and disbursements shall be served, with a notice of adjustment." Section 627, Code of Civil Procedure 1922.

"When an appeal is taken to the Supreme Court of this State, the following costs shall be allowed in all classes of cases legal or equitable: For the plaintiff's or defendant's attorneys, for making and serving a case or a case containing exceptions, ten dollars; for procuring an Order of

Injunction, five dollars; on argument in the Supreme Court, twenty-five dollars." Section 5724, Vol. 3, Code of 1922.

Unquestionably, defendant was entitled to the Supreme Court costs upon the reversal on the former appeal. *Cleveland v. Cohrs,* 13 S. C., 397. But the taxation of such costs was properly deferred until final judgment. *Addison v. Duncan,* 35 S. C., 165, 14 S. E., 305. As the matter stood, therefore, after the reversal on the former appeal, defendant was entitled to its costs. After the second trial, which resulted in a verdict in favor of the plaintiff, he was entitled to his costs. Such were the rights of the parties.

"A judgment is the final determination of the rights of the parties in the action." Section 525, Vol. 1, Code of 1922. All the costs taxed by both plaintiff and defendant were incurred "in the action." Neither party could tax costs until after giving the required notice. The judgment to be entered up must represent the final determination of the rights of the parties. Each was entitled to his costs, and such costs were necessary elements of the judgment and should have been inserted therein.

"Although there is authority to the contrary as to costs of appeals to the judicial committee of the English privy council, it is held that if on affirmance or modification of a judgment appellant is awarded costs of the appeal, these costs may be offset against the costs which the prevailing party recovered below, or against the amount of his verdict or judgment. * * * *Where the judgment is reversed the costs of the appeal will belong to the successful party in any event, and may be set off against any judgment which his adversary may recover."* (Italics ours.) 15 C. J., 317.

One of the purposes of the notice required by Section 627 of the Code of Civil Procedure would seem to be for the *"adjustment"* of the costs. Since the costs should not be taxed until after the final determination of the case, and only after giving the required notice, it

would seem that judgment should not be entered until all the costs are taxed and properly adjusted, otherwise it could not be a final determination of the rights of the parties.

From a study of the record and the statutory provisions, and on the authority last cited, we are of the opinion that the defendant was entitled to have an offset (rather an "adjustment") as claimed by it, as to the items in its favor for the Supreme Court costs, against the judgment of the plaintiff for the amount of the verdict and any and all costs paid by the plaintiff to the Court officers and witnesses, legally entitled to be taxed against the defendant. The offset should not extend, however, to the costs of the Court officers and the fees of the witnesses, unless the plaintiff has paid such costs and fees. The Court officers and the witnesses, if they have not been paid by the plaintiff, have an interest in the judgment as to respective amounts due them. See *Lewis v. Brown,* 16 S. C., 58; *Mitchell v. Barrs,* 64 S. C., 197, 41 S. E., 962; *Bryan v. Ream,* 59 S. C., 340, 37 S. E., 921; *Cureton v. Westfield,* 24 S. C., 457. It is not quite clear in the record that the plaintiff has paid these costs and fees. Set-off is an equitable right. It would be inequitable to allow the plaintiff, even by assignment to his attorney of an interest in his judgment, to collect in full that judgment against the defendant, and to escape the payment of the judgment recovered against him by the defendant in the same cause.

The judgment of this Court is that the order appealed from be, and the same is hereby, reversed, and that the cause be remanded to the lower Court for the purpose of carrying out the judgment of this Court in accordance with the views herein expressed.

MESSRS. JUSTICES STABLER, CARTER and BONHAM concur.

MR. JUSTICE COTHRAN did not participate on account of illness.