14062

## HEATH v. TOWN OF DARLINGTON

(180 S. E., 52)

*Mr. Jerome F. Pate,* for appellant,

*Messrs. C. E. Gardner, Geo. H. Edwards* and *R. R. Mc-Leod,* for respondent,

May 9, 1935.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

In the language of a friend of the writer of this opinion, who did not hesitate to coin a word when his vocabulary

failed to supply one, this case has had "a vicissitudinarious career." It has been before this Court three times.

The action is one for damages for personal injuries alleged to have been caused by the fall of a signboard suspended over the sidewalk in the Town of Darlington. To the complaint, the town interposed a demurrer, which was overruled, and the order of Judge Dennis sustaining the complaint was sustained by this Court. 171 S. C., 196, 171 S. E., 916. The case came on for trial before Judge Mann and a jury who granted the motion of defendant for nonsuit. On appeal, the order for nonsuit was reversed (175 S. C., 27, 177 S. E., 894), and the case remanded for trial, which trial has not been had. The plaintiff notified defendant that he would move the Clerk of the Court of Darlington County to tax the appeal costs in both of the appeals.

It does not appear from the record that the defendant demurred to the right of the Clerk to tax such costs, but it will be assumed that he did.

The Clerk taxed the costs and ordered judgment to be entered therefor. The defendant appealed from this order upon the ground that such costs could not be taxed before the final termination of the case; that the Clerk failed to pass upon the correctness of the amount of the costs set forth in the notice of plaintiff for the taxation of costs. The last-named question was not passed upon by the Circuit Judge, nor was it argued before this Court, and therefore is considered to have been abandoned.

On appeal to the Circuit Court, Judge Dennis, who heard the appeal, sustained the action of the Clerk of Court in taxing the costs. This appeal is from his order.

The appeal presents but one real issue, viz.: Was the taxation of costs by the Clerk premature, for the reason that the action has not been finally determined?

Here is the equation to be determined: Plaintiff prevailed in both of the appeals to this Court, to wit, that from the

order of Judge Dennis overruling the demurrer, and that from Judge Mann granting the motion for nonsuit. The case is now before the Circuit Court for trial on the merits. Until final judgment, has plaintiff the right to tax the costs against the defendant of the two appeals in which it prevailed?

The contention arises from diverse constructions of counsel of the provisions of Section 756, Code Civ. Proc., 1932, viz.:

"Costs Follow Event of Action.— * * *.

"In every civil action commenced or prosecuted in the Courts of record in this State (except cases in chancery), the attorneys of plaintiff or defendant shall be entitled to recover costs and disbursements of the adverse party, as prescribed in Sections 757, 758, and Chapter 117, such costs to be allowed as of course to the attorneys of plaintiff or defendant, and all officers of the Court thereto entitled, accordingly as the action may terminate, and to be inserted in the judgment against the losing party."

Section 585 of the Code of 1932, declares: "A judgment is the final determination of the rights of the parties in the action."

The contention of the appellant is that there can be no taxation of costs until there is a final termination of the case; that is to say, until final judgment has been rendered.

Can costs of the nature here involved be taxed before final judgment in the main cause? If they can be now taxed, can judgment be entered, and execution issued to enforce it now?

There is definite authority on both propositions.

In the case of *Cleveland v. Cohrs,* 13 S. C., 397, Mr. Justice McIver, for the Court, said: "The defendant, Cohrs, having been the prevailing party in both appeals, which were rendered necessary by the defective pleading on the part of the plaintiffs, is entitled to have the costs incurred in such appeals taxed against them."

The action had not then been terminated, but was remanded for trial.

In the case of *Huff v. Watkins,* 25 S. C., 243, 244, there had been two verdicts against the defendant, and an appeal from each of them, and a reversal of judgment in each, and the case remanded for trial. Before such trial was had, the defendant died, and the action abated. Plaintiff's attorneys applied to the Clerk to tax the costs and disbursements of the first two appeals in which he had been the prevailing party. The Clerk refused the motion. Judge Kershaw reversed the action of the Clerk, and the appeal was from his order. Mr. Chief Justice Simpson, for the Court, said:

"Costs are regulated by statute, and questions arising in reference to liability for costs, and the taxation thereof in favor of plaintiff or defendant, must be decided by the application of the terms of said statute. The present act on the subject of costs, provides in the first section, that the attorneys of plaintiff or defendant shall be entitled to costs * * * accordingly as the action may terminate." Gen. St., § 2425. The next (2d) section of the Acts fixes the amount of costs, for plaintiff's and defendant's attorneys, as the case may be, in cases at law. §§ 2426, 2427. The next fixes the amount in equity causes, subject to the right of the Judge to direct which of the parties shall pay these costs (§ 2428), and at the conclusion of this section it is provided: 'That in all classes of cases, legal as well as equitable, for the plaintiff's or defendant's attorneys for making and serving a case or cases containing exceptions, ten dollars; * * * on appeal to the Supreme Court, fifteen dollars; on argument in Supreme Court, twenty dollars.'

"Now, the question arises whether the terms found in the first section, *supra,* to wit: 'accordingly as the action may terminate,' qualifies and controls this last provision of Section 2428; or is that provision an independent provision entitling the successful party in the appeal to the costs allowed? If the former, then the judgment below was error, because

the action below having abated by the death of the defendant, before final judgment on the merits, under circumstances which did not allow revival, it being a case in tort, there was no termination of the action in favor of either party. But if the provision as to costs in the Supreme Court can be regarded as an independent enactment, intending to allow costs to the prevailing party there, then his Honor below was right. We think, from the language employed in the provision referred to, that it was its purpose to allow the costs mentioned to the prevailing party on appeal, without regard to the final result of the action. Costs were certainly authorized to some one thereby, and we can hardly suppose that it was left to the final determination of the action to determine which of the parties should become entitled to these appeal costs, without regard to the fact which had been successful in the appeal. On the contrary, the most reasonable construction is, that this provision, although it is a part of Section 2428, which as a whole is governed by Section 2425 (the first section), yet it was the intention to allow appeal costs to the prevailing party in the appeal."

This case was followed by that of *Hall v. Hall*, 45 S. C., 4, 22 S. E., 881. The order of the Circuit Judge, Benet, was as follows: "In this case a decree was rendered on the Circuit in favor of defendant, dismissing the complaint and for costs. On appeal, this judgment was set aside 'without prejudice,' and the case remanded for a new trial. Upon the second trial, a judgment was again rendered in favor of defendant, dismissing the complaint and for costs. From this last judgment an appeal has been taken by plaintiff, and is now pending. Under the circumstances, this being a case in chancery, and this Court having control of the question of costs, I do not think it right that the defendant should now be called on to pay the costs of the appeal. He has the judgment of the Circuit Court for the costs of two trials of this case which he cannot enter up at present. It appears, also, that the plaintiff is insolvent, and that the costs of the de-

fendant cannot be recovered from her. The settlement of the whole question of costs should abide the final event of this action. In addition, I hold that the exceptions of the plaintiff to the ruling of the clerk were not taken in time, and should, for that reason, be dismissed."

The opinion of the Supreme Court was delivered by Mr. Justice Gary, afterwards Chief Justice, as follows: "The first and second exceptions will be considered together, as they raise substantially the question whether the prevailing party in the Supreme Court has the right to tax the costs of the appeal before final judgment in the cause. The question is conclusively settled by the case of *Huff v. Watkins,* 25 S. C., 243. These costs are not within the discretion of the Circuit Judge, sitting as a chancellor. They do not fall within that statutory provision empowering the Judge to direct, in equity cases, which of the parties shall pay the costs. The question of setting off one judgment against another cannot be considered at this time, because the appellant has no judgment. A motion for that purpose cannot properly be made until the judgments proposed to be set off have been entered up."

This case was followed by that of *Cunningham v. Cauthen,* 47 S. C., 150, 25 S. E., 87, 91, in which Mr. Chief Justice McIver delivered the opinion of the Court. On the subject of costs, he said: "The main question, as we understand it, is as to which side is entitled to the costs of the appeal to the Supreme Court from the decree of Judge Witherspoon, and also whether either side is entitled to the costs of the appeals from the decree of Judge Gary. In the case of *Huff v. Watkins,* 25 S. C., 243, approving the previous decisions in *Cleveland v. Cohrs,* 13 S. C., 397, it was held distinctly that the statutory provision as to costs of an appeal to the Supreme Court was intended to allow such costs to the prevailing party in the appeal, without regard to the final result of the action. These two cases, as well as the subsequent case of *Sease v. Dobson,* 36 S. C., 554, 15 S. E.,

703, 704, were distinctly recognized and followed in the very recent case of *Sullivan v. Latimer,* 43 S. C., 262, 21 S. E., 3. It must now be regarded as settled that the prevailing party in an appeal, whether he be appellant or respondent (*Sease v. Dobson, supra*), is entitled to his costs in prosecuting his appeal, or resisting that of his adversary, without regard to the final result of the action in the Circuit Court."

In the very recent case of *Gathrings v. Great Atlantic & Pacific Tea Co.,* 170 S. C., 219, 170 S. E., 153, the question of costs on appeal arose, and the Court held, see syllabus 1: "If Supreme Court modifies judgment, appellant is regarded as prevailing party and entitled to taxation of his costs."

Syllabus 3: "Defendant held prevailing party and entitled to taxation of its costs of appeal, where judgment was affirmed as to * * * actual damages and reversed as to * * * punitive damages."

Counsel for appellant in the present case earnestly argue that the case of *Black v. B. B. Kirkland Seed Co.,* 163 S. C., 222, 161 S. E., 489, in effect overrules all of the cases on this subject hereinabove cited. We do not so construe that case. The learned jurist (then Chief Justice Blease of this Court) was considering in that case the question of the adjustment of costs and the set-off of judgments. The gist of his findings is thus stated in Syllabi 1 and 2:

"1. Costs. After second trial resulting in verdict for plaintiff, defendant held entitled to costs incurred in obtaining reversal on former appeal.

"2. Costs. Judgment should not be entered until all costs are taxed and properly adjusted."

The opinion distinctly holds that defendant was entitled to costs on the reversal of judgment on the former appeal. It is true that it holds that the taxation of such costs was properly deferred until final judgment, and cites as authority for such holding the case of *Addison v. Duncan,* 35 S. C., 165, 14 S. E., 305. We do not think the *Addison case* is authority

for that ruling, because that case relates only to Circuit Court costs, and, as shown by Mr. Chief Justice Simpson in *Huff v. Watkins, supra,* a different rule applies in relation to appeal Court costs. We think it was the intent of the writer of the opinion in the case of *Black v. B. B. Kirkland Seed Company* to hold that the taxation of costs for defendant could be made, and judgment therefor entered, but the latter could not be enforced until final judgment. We are led to this conclusion by the further utterances of the opinion which discuss the difference between taxation and adjustment of costs. The opinion states: "One of the purposes of the notice required by Section 627 of the Code of Civil Procedure [it should be Section 762], would seem to be or for the 'adjustment' of the costs. Since the costs should not be taxed until after the final determination of the case, and only after giving the required notice, it would seem that judgment should not be entered until all the costs are taxed and properly adjusted, otherwise it could not be a final determination of the rights of the parties."

Plainly the learned writer of the opinion was dealing with the questions, presented by the facts in the case then before him. There the main case had gone to final judgment in favor of plaintiff; the defendant had entered judgment for costs because it prevailed in the former appeal. The questions of adjustment of costs and set-off of judgment properly arose and were disposed of. We are in accord with the manner in which they were decided.

Reviewing this case with all those bearing on the involved questions, our conclusion is that the plaintiff in this case had the right to tax his costs on the two appeals in which he prevailed, but that he cannot enforce judgment therefor until final judgment in the action; only then can "adjustment" of the costs be made, if defendant prevail in the final judgment.

The conclusion of the Circuit Decree is that the plaintiff has the right to tax the costs of the two appeals to the Su-

preme Court, which resulted in his favor, without regard to the final determination of the cause in the Circuit Court.

We concur in this conclusion of the Circuit Judge. But we hold that the adjustment of the costs must await the final determination of the case.

Judgment affirmed.

Mr. Chief Justice Stabler, Mr. Justice Carter and Messrs. Acting Associate Justices T. S. Sease and A. L. Gaston concur.