<hr />

## HUFF v. WATKINS.

1.  Plaintiff sued defendant for a tort, and on two appeals to the Supreme Court was successful in reversing judgments of the Circuit Court in defendant's favor; after this, the defendant died and the action was abated.    *Held,* that plaintiff was entitled to the costs of the two appeals in which he had prevailed, notwithstanding there had been no final determination of the action.

2. The decision in *Cleveland* v. *Cohrs*, 13 S. C., 397, stated and approved.

Before KERSHAW, J., Newberry, February, 1886.

The opinion states the case.

*Messrs. Suber & Caldwell*, for appellant.

*Messrs. Moorman & Simkins,* contra.

July 14, 1886.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   The plaintiff brought action in 1879 against William Watkins, to recover damages for the hiring and retention of a laborer alleged to have been previously hired for that year by the plaintiff.   The case was heard by his honor, Judge Wallace, and a jury, with a verdict for the defendant.   A new trial was ordered, on appeal to this court.   15 *S. C.*, 82.   The case was then heard a second time below, before his honor, Judge Pressley, when, under the charge of the judge, the defendant had a second verdict.   The judgment on this verdict was set aside on a second appeal, and a new trial ordered again.   18 *S. C.*, 510.   In the meantime the defendant died, and the defendant, James F. Watkins, became his executor.   At the November term of the Circuit Court thereafter, the plaintiff moved to substitute the executor, and for leave to proceed with the action against the said executor.   This motion was refused by his honor, Judge Hudson, before whom the motion was made, the judge holding that the action had abated.   20 *S. C.*, 477.

The plaintiff then applied to the clerk of the court to tax the costs and disbursements of the two appeals, in which he had been successful, against the estate of the deceased.   The clerk refused this motion.   On exceptions taken, his honor, Judge Kershaw, overruled the clerk, and decided that plaintiff was entitled to his costs and disbursements on the two appeals, the plaintiff having prevailed therein, and having obtained a new trial in each.   The question before us is, was this ruling of Judge Kershaw correct?

Costs are regulated by statute, and questions arising in reference to liability for costs, and the taxation thereof in favor of plaintiff or defendant, must be decided by the application of the

terms of said statute. The present act on the subject of costs, provides in the first section, that the attorneys of plaintiff or defendant shall be entitled to costs * * * "accordingly as the action may terminate." *Gen. St.*, § 2425. The next (2d) section of the act fixes the amount of costs, for plaintiff's and defendant's attorneys, as the case may be, in cases at law. §§ 2426, 2427. The next fixes the amount in equity causes, subject to the right of the judge to direct which of the parties shall pay these costs (§ 2428), and at the conclusion of this section it is provided: "That in all classes of cases, legal as well as equitable, for the plaintiff's or defendant's attorneys for making and serving a case or cases containing exceptions, ten dollars; * * * on appeal to the Supreme Court, fifteen dollars; on argument in Supreme Court, twenty dollars."

Now, the question arises whether the terms found in the first section, *supra*, to wit: "accordingly as the action may terminate," qualifies and controls this last provision of section 2428; or is that provision an independent provision entitling the successful party in the appeal to the costs allowed? If the former, then the judgment below was error, because the action below having abated by the death of the defendant, before final judgment on the merits, under circumstances which did not allow revival, it being a case in tort, there was no termination of the action in favor of either party. But if the provision as to costs in the Supreme Court can be regarded as an independent enactment, intending to allow costs to the prevailing party there, then his honor below was right. We think, from the language employed in the provision referred to, that it was its purpose to allow the costs mentioned to the prevailing party on appeal, without regard to the final result of the action. Costs were certainly authorized to some one thereby, and we can hardly suppose that it was left to the final determination of the action to determine which of the parties should become entitled to these appeal costs, without regard to the fact which had been successful in the appeal. On the contrary, the most reasonable construction is, that this provision, although it is a part of section 2428, which as a whole is governed by section 2425 (the first section), yet it

was the intention to allow appeal costs to the prevailing party in the appeal.

This construction is fortified and sustained by the case of *Cleveland* v. *Cohrs*, 13 *S. C.*, 397. In that case there had been two appeals, as in the case at bar, in both of which the defendant, appellant, had prevailed. The plaintiff, however, finally succeeded below, and the court held, that defendant having prevailed in both appeals, which were rendered necessary by the defective pleadings on the part of the plaintiff, he was entitled to have the costs incurred in such appeals taxed. It is true in that case the court did say (as above), "which were rendered necessary by the defective pleadings on the part of the plaintiff," but that was not the turning point of the decision; the fact that the defendant had prevailed, was the pivot. The question presented here depends upon the construction of our statute, and therefore the cases referred to by appellant, drawing a distinction between appeals founded upon errors of law in the judge, and defects of pleadings, &c., occasioned by the party, do not apply. Our statute, we think, gives appeal costs to the prevailing party in the appeal, without refererence to the grounds of the appeal. We admit that the question is not free from doubt, but our conclusion is as above.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.