HALL v. HALL.

1. APPEALABLE ORDER.—An order of a Circuit Judge refusing to allow a party to tax costs incurred on appeal to the Supreme Court is appealable.
2. COSTS ON APPEAL.—The prevailing party in the Supreme Court has the right to tax his costs on appeal, which follow the result of the appeal; and the Circuit Judge has no right, as in equity cases, to decide which party shall pay such costs.
3. TAXATION OF COSTS is not the act of a court, but the judicial act of a ministerial officer, which may be reviewed by the Court upon motion.
4. NOTICE OF APPEAL.—There is no requirement of law, that the notice of motion to review the action of the clerk in taxation of costs shall be served within ten days after written notice of the action of the clerk.

Before BENET, J., Camden, September, 1894. Reversed.

Motion by Louisa Hall to tax costs of appeal against Harrison H. Hall.

The following is the circuit decree and exceptions:

The plaintiff moved before the clerk of this court, on

the 16th day of August past, to tax the costs and disbursements of plaintiff on appeal to the Supreme Court, and the clerk refused to tax said costs, upon the ground that the application was premature, the case not having been finally decided. This decision of the clerk, in writing, was rendered on the 17th of August, and was served on Gen. Kennedy, representing Mr. Stuckey, the plaintiff's attorney, on the 18th of August, and was in Mr. Stuckey's hands not later than the 24th of August. On the 4th of September, inst., exceptions were served on Mr. Hay, defendant's attorney, to the ruling of the clerk, which notice of exception also contained a notice that the defendant would move for an order requiring the clerk to tax the said costs of appeal.

In this case a decree was rendered on the circuit in favor of defendant, dismissing the complaint and for costs. On appeal, this judgment was set aside "without prejudice," and the case remanded for a new trial. Upon the second trial, a judgment was again rendered in favor of defendant, dismissing the complaint and for costs. From this last judgment an appeal has been taken by plaintiff, and is now pending. Under the circumstances, this being a case in chancery, and this Court having control of the question of costs, I do not think it right that the defendant should now be called on to pay the costs of appeal. He has the judgment of the Circuit Court for the costs of two trials of this case which he cannot enter up at present. It appears, also, that the plaintiff is insolvent, and that the costs of the defendant cannot be recovered from her. The settlement of the whole question of costs should abide the final event of this action. In addition, I hold that the exceptions of the plaintiff to the ruling of the clerk were not taken in time, and should, for that reason, be dismissed.

It is, therefore, ordered and adjudged, that the exceptions of plaintiff to the rulings of the clerk be overruled and dismissed, and her motion be refused, and that the rulings of the clerk herein be sustained.

The plaintiff excepts to the rulings of his Honor, Judge Benet, herein, in refusing to require the clerk of the court to tax up the costs of the former appeal to the Supreme Court in this cause, and to issue execution thereon, as follows:

I. Because his Honor erred in not holding that the judgment of the Supreme Court was final as to the costs on the appeal, and remitting the case to the Circuit Court for a new trial could not have the effect of delaying the payment of costs.

II. Because, while his Honor was correct in the doctrine that, as Chancellor, he had the discretion as to payment of costs, he erred in not holding that this discretion applies only to a *coram judice*, on its merits for adjudication, and not to a case in which the judgment of the Circuit Court had been set aside and a new trial ordered.

III. Because his Honor erred in holding that the notice of motion to order the clerk to tax costs was an appeal, whereas he should have held that it was an original motion which the moving party had a right to make, and that no appeal lies from such ruling of the clerk, as his office does not constitute it a court; that the words "except" in the motion was surplusage, and the rule as to not serving notice of appeal within time does not apply.

*Messrs. A. B. Stuckey* and *J. D. Kennedy*, for appellant.

*Messrs. J. T. Hay* and *W. D. Trantham*, contra.

Sept. 9, 1895.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   The facts in this case are set forth in the order of his Honor, Judge Benet, which will be incorporated in the report of the case.   From this order, appellant has appealed to this Court on three exceptions, which will, also, be incorporated in the report of the case. Respondent's attorneys, in their argument, urge the objection to the hearing of the appeal at this time, on the ground that the order of his Honor, Judge Benet, is not appealable.

The order of the presiding Judge involved the merits, in so far as the costs of the Supreme Court were involved, and as they were in no way dependent upon the final termination of the action, there is no reason why an order involving the merits as to them should not be appealable. This objection cannot, therefore, be sustained.

The first and second exceptions will be considered together, as they raise substantially the question whether the prevailing party in the Supreme Court has the right to tax the costs of the appeal before final judgment in the cause. The question is conclusively settled by the case of *Huff* v. *Watkins*, 25 S. C., 243. These costs are not within the discretion of the Circuit Judge sitting as a Chancellor. They do not fall within that statutory provision empowering the Judge to direct, in equity cases, which of the parties shall pay the costs. The question of setting off one judgment against another cannot be considered at this time, because the appellant has no judgment. A motion for that purpose can not properly be made until the judgments proposed to be set off have been entered up. These exceptions are sustained.

The third exception questions the correctness of the ruling of the presiding Judge, that the exceptions of the plaintiff to the ruling of the clerk were not taken in time, and should, for that reason, be dismissed. When the clerk of the court taxes the costs in a case, it is not the action of a court, but the judicial act of a ministerial officer; and, therefore, it is not necessary to file exceptions to his report within ten days after receiving written notice of the same, to prevent the party dissatisfied with it from having the same reviewed by the Court. The practice, where a party is dissatisfied with the taxation, is thus stated in *Bradley* v. *Rodlesperger*, 6 S. C., 290, cited with approval in *Cooke* v. *Poole*, 26 S. C., 326: "If the allowances made by the clerk for costs or disbursements are objected to by either party, the proper practice is to bring the matter before the Court on motion to correct such

allowances." There is no requirement of law that notice of this motion should be given within ten days after receiving written notice of the action of the clerk of the court in taxing the costs. The Circuit Judge, therefore, erred in ruling that the exceptions of the plaintiff to the rulings of the clerk were not taken in time and should for that reason be dismissed.

It is the judgment of this Court, that the order of the Circuit Court be reversed.