## 14059

McCORMICK v. RUSH
(RUSH v. KINSLER *ET AL.*)

(180 S. E., 43)

*Mr. Edward L. Craig,* for appellant,

*Mr. F. Ehrlich Thomson,* for respondent,

May 8, 1935.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The suit herein, commenced in the Court of Common Pleas for Lexington County, by Susie Gaillard Park Rush, a resident of Spartanburg, S. C., as plaintiff, against Sallie E. Kinsler, *et al.*, defendants, was instituted for the foreclosure of a real estate mortgage executed by Edward Geiger. Edward Geiger having died prior to the commencement of the foreclosure action, the foreclosure proceedings were brought against his heirs at law. The administrators and certain creditors, J. W. McCormick and Dr. I. D. Durham, of the estate of the said deceased, were also made defendants to the action. The several defendants were either duly served with the summons and complaint in the cause or accepted service thereof, but none of the defendants answered, served a demurrer, or made any appearance in the case. Thereafter, by order of the Court, the case was referred to H. L. Harmon, Clerk of Court of said County of Lexington, as Special Master. It appears that the Master took testimony in the case regarding the said mortgage and the amount due the plaintiff thereon, and also took testimony relative to the claims of the said creditors, J. W. McCormick and Dr. I. D. Durham. According to the report of the Master, as disclosed by the record in the case, the Master reported that there was due the plaintiff on the said mortgage the sum of $2,000.00, the entire principal, and interest thereon at 7 per cent. per annum from May 21, 1931, payable semiannually in advance, totaling, principal and interest, $2,266.62, and the further sum of $175.00 as attorney's fee thereon. The Master, further, in accord with his finding, reported that there was due the defendant J. W.

McCormick the sum of $481.00 for his services and expenses as undertaker for the deceased, and the sum of $18.00 due Dr. I. D. Durham for professional services rendered the intestate during his last illness. The Master further reported as follows: "I find as a matter of law that these two defendants are entitled to priority of payment of these said claims from the proceeds of any sale of the mortgaged premises or any portion thereof after the payment of the costs and disbursements of the action to be taxed by the Clerk of the Court and the costs and fees of the proposed sale."

The matter was heard by his Honor, Judge G. B. Greene, presiding over the said Court at that time, who, according to the record before us, on motion of plaintiff's attorneys, Messrs. Seibels and Fowles, issued a decree affirming the Master's report and making it the judgment of the Court in all respects, including the Master's finding as to the amount due on said mortgage, also the amount owing the defendants, J. W. McCormick and Dr. I. D. Durham on their said claims; also, holding, in effect, that the claims of the last-mentioned defendants, J. W. McCormick and Dr. I. D. Durham, were entitled to priority of payment, after payment of the costs of the action, from the proceeds derived from the sale of said mortgaged premises, which sale his Honor ordered. Pursuant to said order of sale, the said land, after due advertisement, was sold, the same being bid in, according to the record in the case, by James H. Fowles, attorney, for $1,000.00, but the bid has not been complied with. In the meantime Mr. Seibels, one of the attorneys of record for the plaintiff, died, and since then other questions have arisen in the case.

June 9, 1934, Mr. Edward L. Craig, an attorney with offices at Columbia, S. C., who at that time seemed to be representing Mr. McCormick, addressed a letter to Mr. James H. Fowles, attorney, Columbia, S. C., to the following effect:

"I have had an opportunity to go to Lexington and examine the records of the Court in the case for the settlement of the Geiger estate, and find that the claim of Mr. J. W. McCormick for $491.00 was adjudged to be prior in rank to all other debts, and that the bid was entered in your name as attorney.

"I believe that you were associated with Mr. Seibels and acted for him in making the bid, and your representation was identical with his, and the bid was for the benefit of all parties represented in the case by Mr. Seibels and Mr. McCormick was among those represented by him.

"There has been no compliance, although the property was sold more than one year ago, and this letter is to respectfully demand that you assign your bid at once to Mr. J. W. McCormick who is able to comply by furnishing a receipt for his bill and paying the difference in money and receiving title to the property."

So far as the record discloses, no reply was made to this letter. However, in return made in the cause by Mr. Fowles, to which return we shall hereinafter refer, Mr. Fowles stated his connection with the case.

June 22, 1934, on motion of Mr. Craig, as attorney for the said Mr. J. W. McCormick, and upon the supporting affidavit of Mr. McCormick, his Honor, Judge C. J. Ramage, issued an order in the case to the following effect:

"It is ordered, that James H. Fowles and Susie Gaillard Park Rush show cause, if any he or she can, before me at Saluda, S. C., on the 3rd day of July, 1934, at 10 o'clock in the forenoon, why the said James H. Fowles should not comply with his bid by the payment of the sum of One Thousand ($1,000.00) Dollars, and why the said proceeds of sale should not be disbursed by H. L. Harmon, Clerk of Court in the following order: First, to the payment of the expenses of sale and the costs of this action. Second, to the payment of taxes to December 31, 1933. Third, to J. W. McCormick the sum of Four Hundred Ninety-one and

12/100 ($491.12) Dollars, and I. D. Durham, M.D., the sum of Eighteen Dollars ($18.00). And Fourth, the balance if any, to Susie Gaillard Park Rush.

"Or, why the said James H. Fowles should not assign his bid to J. W. McCormick on condition that upon compliance he be given a deed to the premises and that the Clerk of Court shall pay his bill of $491.12 in full next after the payment of costs and taxes, and before the said Susie Gaillard Park Rush is paid anything.

"Or, why the said bond should not be assigned to Susie Gaillard Park Rush on condition that upon compliance she be given a deed to the premises and that the bill of J. W. McCormick for $491.12 be paid at the time of compliance next after the payment of costs and taxes and before the said Susie Gaillard Park Rush is paid anything.

"Let a copy of this order be served on James H. Fowles and Susie Gaillard Park Rush, or her attorney. The Clerk of Court is directed to send the original record in this case to me by mail or otherwise so that I shall have the same before me on the day and at the time mentioned above."

To this rule, issued by his Honor, Judge Ramage, Mr. James H. Fowles, by way of return to the same, made the following statement, dated June 30, 1934: "That he was associated by the late John T. Seibels, Esq., to represent plaintiff in the above-entitled action; that in his representation of the plaintiff, he was never called upon for any legal advice whatsoever and that all steps or proceedings which he handled or appeared in, including the bid at the judicial sale, were handled in the manner directed by the said John T. Seibels, up to and including the death of the said John T. Seibels, Esq. After the death of the said John T. Seibels, Esq., the file in this matter was turned over to your respondent who communicated the terms of the decree to the plaintiff, and that subsequently respondent had several conferences with the defendant, J. W. McCormick, regarding the closing of this matter."

Mrs. Susie Gaillard Park Rush, having at this time procured other counsel, F. Ehrlich Thomson, to represent her in the cause, on June 30, 1934, in response to the said order issued by his Honor, Judge Ramage, made a return thereto in which she stated, through her counsel:

"1. That said order is issued upon the motion of E. L. Craig, attorney for the defendant, J. W. McCormick, and that the said defendant, McCormick, was in default in this proceeding by reason of his failure to appear in said action in response to the summons duly served upon him as appears from said defendants' acceptance of service and the affidavit of James H. Fowles showing default of the defendant, McCormick; that a final decree has been issued herein and duly filed and that until said judgment or decree has been reopened and the defendant, McCormick, been allowed to appear in said action, the defendant, McCormick, is without right to appear in said action for the purpose of making any motion or otherwise; that, therefore, said order to show cause was improvidently, inadvertently and improperly issued and should, therefore, be dismissed.

"2. On information and belief, that James H. Fowles, Esq., bid in the property at the judicial sale on behalf of respondent and that the defendant, McCormick, has no interest in said bid but that the same belongs to your respondent and all rights therein.

"3. That the decree under which the sale of the property in question was had was signed by the Honorable G. B. Greene, presiding Judge of the 11th Circuit, through mistake and inadvertence and should be reopened and reformed for the following reasons, to wit:

"(a) That said decree was based upon a mistake of law in that said decree provided that the expenses of the last illness and death of the mortgagor constituted a lien upon the mortgaged premises in priority to the lien of plaintiff's mortgage.

"(b) That said decree is contrary to law and to the principles of justice and works an unconscionable injustice upon plaintiff and should be reopened.

"(c) That said decree was predicated upon a mistake and/or several mistakes of fact.

"(d) That said decree granted relief to the defendant, McCormick, beyond the scope of the pleadings and the testimony offered in support thereof.

"(e) That said decree was caused to be signed in its present form by reason of the fact that the attorneys then representing the plaintiff were also, unknown to plaintiff, representing the defendant, J. W. McCormick, and that said attorneys did so represent the defendant, McCormick, as to prejudice the rights of the plaintiff.

"(f) That said decree was caused to be signed in its present form by either the ignorance of the attorneys representing said plaintiff or by their purposely placing the interest of the defendant, McCormick, ahead of the interest of the plaintiff.

"Wherefore, your respondent, Susie Gaillard Park Rush, having made full and complete return to the rule heretofore issued, prays that the same be dismissed.

"F. Ehrlich Thomson,
"Attorney for the Respondent,
Susie Gaillard Park Rush."

At the time of filing the foregoing return Mr. F. Ehrlich Thomson, as attorney for Mrs. Susie Gaillard Park Rush, also served upon opposing parties the following notice of motion:

"You are hereby notified that the under signed, as attoney for Susie Gaillard Park Rush, will move before the Honorable C. J. Ramage, resident Judge of the 11th Circuit at Saluda, S. C., on the 3rd day of July, 1934, at ten o'clock in the forenoon for an order vacating and reopening the decree heretofore filed herein and allowing the said plaintiff to file exceptions to the report of H. L. Harmon, Clerk

of Court as Master, filed in said cause upon the following grounds, to wit:

"1. That said decree was based upon a mistake of law in that said decree provided that the expenses of the last illness and death of the mortgagor constituted a lien upon the mortgaged premises in priority to the lien of plaintiff's mortgage.

"2. That said decree is contrary to law and to the principles of justice and works an unconscionable injustice upon plaintiff, and should be reopened.

"3. That said decree was predicated upon a mistake and/or several mistakes of fact.

"4. That said decree granted relief to the defendant, McCormick, beyond the scope of the pleadings and testimony offered in support thereof.

"5. That said decree was caused to be signed in its present form by reason of the fact that the attorneys then representing the plaintiff were also, unknown to plaintiff, representing the defendant, J. W. McCormick, and that said attorneys did so represent the defendant, McCormick, as to prejudice the rights of the plaintiff.

"6. That said decree was caused to be signed in its present form by either the ignorance of the attorneys then representing said plaintiff or by their purposely placing the interest of the defendant, McCormick, ahead of the interest of the plaintiff.

"This motion to be based upon the attached affidavit and letter and other affidavits to be hereinafter served upon you and the record in this case."

In support of the above-stated return and notice of motion filed on behalf of Susie Gaillard Park Rush, there was filed an affidavit of the said Susie Gaillard Park Rush, dated June 28, 1934, which affidavit, omitting formal parts, reads as follows: "That now and at all times hereinafter mentioned, she is, and has been a resident of the City of Spartanburg, in the County of Spartanburg, S. C., and that here-

tofore and at some time prior to the 30th day of June, 1932, she employed John T. Seibels, Esq., (now deceased), a practicing attorney of the City of Columbia, S. C., to foreclose the bond and mortgage described in the complaint in this action. That she had great trust and confidence in the said John T. Seibels' ability aand integrity to handle said foreclosure proceedings for her, and that she intrusted the matter solely and entirely to his judgment and discretion, and that, up to and including the date of the death of John T. Seibels, she assumed and had a right to assume that the matter had been properly handled by her said attorney and that he had properly protected her interests. That some time after the death of the said John T. Seibels, which said death occurred the early part of this year, she was, for the first time, informed that the judgment in foreclosure proceeding had erroneously and improperly decreed that the funeral expenses of the deceased mortgagor were a lien upon the mortgaged premises in priority to the lien of her mortgage, which the deponent is informed and believes is contrary to the laws of the State of South Carolina, and that deponent is at a loss to explain how such judgment could be rendered. That deponent thereafter and in an effort to protect her rights employed additional counsel soon after she was advised of the facts and circumstances. That the said John T. Seibels, during his life time and after the sale of the said premises, had never advised deponent that the lien of her mortgage was other than a first lien upon the mortgaged premises and that she had acted with reasonable promptness in the matter and done everything within her power to rectify the errors committed by her said attorney, John T. Seibels, now deceased."

The questions raised before Judge Ramage in the case were heard by his Honor July 3, 1934, and in passing upon the questions, his Honor had before him the record in the case, including the several papers to which we have referred, and also had for consideration the testimony of the said

J. W. McCormick given at said hearing, which testimony, omitting formal parts, reads as follows: "Mr. John T. Seibels represented by claim against Ed. Geiger's estate for funeral expenses. I knew Mr. Seibels had represented the Geigers and other estates and I took my bill to him for collection. He refused to accept the bill at that time, as he was afraid it might embarrass him with another client. He came back to my place in about ten days or two weeks and said he had looked into the matter and found it would not embarrass him, and that he would accept the bill for collection. Then I gave him the bill for collection."

"Cross-Examination.

"Q. You were going to pay Mr. Seibels for the collection? A. Yes.

"Re-direct Examination: I knew he had been representing the Geigers for years and other funeral bills of the Geigers' had been settled through Mr. Seibels."

At the hearing before Judge Ramage, held July 3, 1934, on return to the rule and in response to the said notice of motion, there appeared Edward L. Craig, Esq., as attorney for J. W. McCormick, and F. Ehrlich Thomson, Esq., as attorney for Susie Gaillard Park Rush. So far as the record discloses, the other parties to the original action manifested no interest in the questions presented at this hearing.

Upon due consideration, his Honor, Judge Ramage, reached the conclusion that the order of Judge Greene, bearing date January 17, 1933, was improvidently or inadvertently issued, and in accord with his finding and holding adjudged and decreed that Judge Greene's said order be vacated and set aside, and referred the action to H. L. Harmon, Clerk of Court, as Special Referee, to take any further testimony that may be offered and report his findings of fact and conclusions of law to this Court, with leave to the said Susie Gaillard Park Rush and the said J. W. McCormick to make any amendments that they may be advised. From this order the said J. W. McCormick,

pursuant to due notice, has appealed to this Court, upon exceptions raising the questions we shall discuss.

Appellant presents a number of exceptions, but, under our view of the case, it is not necessary to consider the exceptions separately, and we shall discuss only the question or questions we deem necessary in passing upon the appeal.

Stated in substance, it is the position of Mr. McCormick, the appellant, that the order of the payment of the established claims in the case having been fixed by a judicial act (the signing of the said decree by Judge Greene), the only mode of review regarding the said claims is by appeal, and the said Susie Gaillard Park Rush having failed to appeal from said decree of Judge Greene in the time fixed by law, she now has no redress and no standing in Court; that a Circuit Judge cannot exercise revisory powers over the final judgments and decrees of another Circuit Judge to correct judicial errors or mistakes of law; further, the Court of Common Pleas, or a Judge thereof, cannot vacate and set aside its final judgments after the expiration of the term upon the sole ground of errors of law or judicial error; also, that the presumption is in favor of the correctness of the said decree of Judge Greene and that good and sufficient grounds and reasons were made to appear to his Honor why the claims of Mr. McCormick and Dr. Durham should have priority over the claim of the mortgagee, Susie Gaillard Park Rush, to the fund derived from the sale of the mortgaged premises described in the said mortgage held by Susie Gaillard Park Rush. The appellant, therefore, takes the position that the said order of his Honor, Judge Ramage, is prejudicial to his rights, and, further, that the said order is void. It is the further position of appellant that the provisions of Section 495 of the Code cannot be invoked by the said Susie Gaillard Park Rush, for the reason that more than one year has elapsed, and, further, because the said section of the Code does not provide for the review of judicial errors or mistakes of law.

In our opinion, Judge Ramage erred in attempting to vacate and set aside the said order of Judge Greene, for the reason that one Circuit Judge is without power and authority to vacate and set aside the order of another Circuit Judge. However, it does not follow that the Court in which the decree was issued cannot correct errors of the nature complained of herein on a proper showing.

Section 495 of the Code of 1932, to which reference has been made, reads as follows: "The Court may likewise, in its discretion, and upon such terms as may be just, allow an answer or reply to be made, or other act to be done, after the time limited by this Code of Procedure, or, by an order, enlarge such time; and may also, in its discretion and upon such terms as may be just, at any time within one year *after notice thereof,* relieve a party from a judgment, order, or other proceeding, taken against him through his mistake, inadvertence, surprise, or excusable neglect, and may supply an omission in any proceeding; and whenever any proceeding taken by a party fails to conform in any respect to the provisions of this Code of Procedure, the Court may, in like manner, and upon like terms, permit an amendment of such proceeding, so as to make it conformable thereto." (Italics ours.)

In our opinion, under the statement of facts set out in the affidavit of Susie Gaillard Park Rush, above quoted, which statement, for the purpose of the appeal before this Court, must be accepted as correct, the relief sought by Susie Gaillard Park Rush is afforded her under the above-quoted section of the Code (Section 495). It seems to be the contention of the appellant that no relief can be granted under this section to Susie Gaillard Park Rush upon the ground that the time for granting such relief provided for under this section elapsed before any action was taken by her to procure such relief; that is, that more than twelve months elapsed from the time of the signing of the decree of Judge

Greene before she took any steps to get relief. Under this section time does not begin to run against a person under the circumstances described in the affidavit of Susie Gaillard Park Rush until such person has notice of the mistake alleged to have been made. It clearly appears fro the record before us that the said order of Judge Green was not signed until January 17, 1933; that, as shown from the affidavit of Susie Gaillard Park Rush, she did not know or receive any information as to priority being given the claims of J. W. McCormick and Dr. I. D. Durham until the early part of the year 1934; that some time after the death of the said John T. Seibels, which death occurred the early part of the year 1934, she was, for the first time, informed that the judgment in the said foreclosure proceeding had erroneously and improperly decreed that the funeral expenses of the deceased mortgagor and the physician's charges for services rendered in last illness of the deceased were a lien upon the mortgaged premises in priority to the lien of her mortgage, and from the record before us, it clearly appears that this lady, Susie Gaillard Park Rush, very soon thereafter, not later than June, 1934, took steps to have the mistake corrected, which act was within one year from the time she received the said information, the time provided in said section of the Code within which to act under such circumstances. In this connection we again call attention to the fact that Susie Gaillard Park Rush did not reside in Lexington County, where the suit was instituted and the proceedings had in connection therewith, but she resided in the County of Spartanburg, which is some distance from the County of Lexington. We may further state in this connection that notice to her said attorney or attorneys of the issuing of the said decree in the foreclosure action could not, under the facts set out in the said affidavit of Susie Gaillard Park Rush, be regarded as notice to her. As to who made the said mistake, it is not necessary for this Court to decide. In fact, that question

is not before this Court. But we may state, as his Honor, Judge Ramage, in effect, held, that the decree issued by his Honor, Judge Greene, was evidently either improvidently or inadvertently issued, because no Court could, after carefully considering the facts as disclosed by the record of the case, deliberately make a decree, as was herein made, giving the undertaker's claim and the said claim of the physician against the estate of the mortgagor priority over the mortgage indebtedness in the proceeds derived from the sale of the said mortgaged premises, and we know and unhesitatingly state that Judge Greene would not have done so. His Honor evidently signed the paper in question under a mistaken idea as to its contents, certainly as to the clause fixing the priority of the claims.

We have not discussed herein every position advanced by counsel representing the litigants for the reason that we do not consider it necessary under the view we take of the case.

For the reasons stated above, it is the judgment of this Court that in so far as the order of Judge Ramage, bearing date July, 1934, attempts to vacate and set aside the said order of Judge Greene, the same is reversed, without prejudice, however, to the plaintiff, Susie Gaillard Park Rush, her heirs, executors, administrators, or assigns, to apply to the Court below, on due notice, within twenty days after the filing of the remittitur herein in the office of the Clerk of Court for Lexington County, not for an order reviewing or reversing the order of Judge Greene, but for the correction by that Court of any errors contained therein, relating to the priority of the claims of the parties. Further, it is the order of this Court that in the meantime further proceedings in the case be and the same are hereby stayed.

MR. CHIEF JUSTICE STABLER, MR. JUSTICE BONHAM and MESSRS. ACTING ASSOCIATE JUSTICES M. M. MANN and PHILIP H. STOLL concur.