December 4, 1939. The opinion of the Court was delivered by
Sufficient of the history of this litigation is set forth in the opinion of this Court (Ex parte E.P. Miller et al., inre Bertha R. Claffy et al. v. Mechanics Building LoanAssociation, 191 S.C. 260, 1 S.E. [2d], 512), as to make it unnecessary to now cover any period of the time from the inception of the litigation to the rendition and filing of the opinion supra on March 3, 1939.
Subsequent to the filing of said opinion, and after the remittitur had been handed down, attorneys for the receivers of the Building and Loan Association served upon attorneys *Page 167 
for the State Board of Bank Control a notice that they would appear before the Clerk of Court of Common Pleas for Spartanburg County to tax the costs and disbursements of the previous litigation against E.A. Wayne, conservator, and E.P. Miller et al., as members of the Board of Bank Control. A like notice was also served by attorneys for Mrs. Claffy et al. In each instance the items of cost and disbursement were itemized. At the appropriate time, attorneys for the Board of Bank Control objected to the proposed taxation of costs against the board and the conservator; and also questioned all items of costs on the part of Mrs. Claffy ex-except the sum of $5.00, part payment of stenographer's costs for transcript of record.
We here set out the itemized statement of costs and disbursements:

The Receiver:
Clerk of Court's costs .............................. $ 14.75
Service costs ....................................... 9.10
For argument in Supreme Court ....................... 25.00
Printing transcript of record ....................... 239.00
Printing defendant-appellants' brief ................ 61.50
Docketing case in Supreme Court ..................... 4.50
For serving case with exceptions .................... 10.00
 _______
 Total ......................................... $367.85
Mrs. Claffy:
Part payment of stenographer's cost for transcript
 of record (advanced by H.E. DePass, Jr.) .......... $ 5.00
Service costs (W.H. Thompson, deputy sheriff,
Columbia) ........................................... 1.50
For argument in Supreme Court ....................... 25.00
Printing appellants' brief .......................... 83.25
Printing appellants' reply brief .................... 28.50
Obtaining injunction and order of supersedeas ....... 5.00
 _______
 Total .......................................... $148.25
 *Page 168 
The Clerk of Court allowed the taxation of costs as proposed with the exception of an item of $5.00 on the part of Mrs. Claffy for obtaining injunction and order of supersedeas.
In due time, attorneys for the board of bank control and E.A. Wayne, conservator, served notice and grounds of appeal to the Court of Common Pleas from the order of the Clerk taxing costs. "At the same time, said attorneys served notice that they would appear before Judge Grimball at Newberry, S.C. on April 24, 1939, for the purpose of reviewing the Clerk's order of taxation, and to seek an order (1) approving the accounts and vouchers of the conservator and discharging the conservator; (2) directing the receivers to pay the State Board of Bank Control the cost of maintaining a conservator's agent from August through October, 1938; (3) determining and fixing a fee for attorneys for the board of bank control and its conservator for their services rendered in this proceeding and `in the proceeding in the original jurisdiction' of the Supreme Court; (4) directing that the State Board of Bank Control be reimbursed for printing the case and argument in the original jurisdiction proceeding against Judge Sease, and the argument in the appeal from Judge Grimball's order of October 24, 1938."
By an order dated April 29, 1939 (the order from which this appeal is taken), Judge Grimball approved the itemization of costs allowed by the Clerk, but held that "all of the costs of this litigation necessary to the progress of the cause up to the present time shall be paid by the Receivers of the Mechanics Building Loan Association out of the assets of said Association." There is no appeal from that portion of the order approving the items of the costs allowed the appellants by the Clerk of Court. Included in the costs allowed respondents by Judge Grimball is the cost of the proceeding brought by respondents against Judge Sease in the original jurisdiction of this Court. It was further ordered that a fee of twelve hundred ($1200.00) dollars be paid from the assets of the association to the attorneys for the State Board of *Page 169 
Bank Control and E.A. Wayne, as conservator, for their services in the previous litigation. It was further ordered that the amount of the costs and expenses necessarily incurred by the State Board of Bank Control, the receivers being adjudged liable therefor, be referred to the Master for Spartanburg County, including the costs and expenses of the conservator, for his determination.
It should here be noted that Judge Sease's order of June 4, 1938, appointing receivers for the Mechanics Building 
Loan Association provides that all creditors are called into the receivership action and directed to file their claims with the Master for Spartanburg County, to whom the case was referred for the purpose of taking testimony and reporting his findings upon all issues arising upon any question made as to claims filed; that on March 31, 1939 (practically a month prior to the order of Judge Grimball), another order was made by Judge Sease containing the following:
"Ordered that a reference be held before Honorable LeRoy Moore, Master for Spartanburg County, on the 6th day of June, 1939, and on such other dates as the Master may fix by adjournment, continuance or otherwise, at which time all claimants and creditors, including stockholders, shall prove their claims as to the amounts due thereon and all priorities, if any, shall be determined.
"It is further ordered that the Master shall advertise in the Spartanburg Herald, Spartanburg, S.C. once a week for six weeks, giving notice to all claimants and creditors, including stockholders, of the Mechanics Building and Loan Association to file their claims with him, duly itemized and verified, on or before the 6th day of June, 1939, and that failure to file proof of such claim or lien on or before said date shall be a perpetual bar against such claim or action of such creditor or claimant against the assets of the Mechanics Building and Loan Association."
The statement of issues presented by the exceptions of the receivers of Mechanics Building Loan Association, *Page 170 
and of Mrs. Bertha R. Claffy et al., are, respectively, as follows:
"(1) Was it error for the Circuit Judge to order that the costs and disbursements of the previous litigation in this case be paid by the Receivers of the Mechanics Building Loan Association?
"(2) Was it error for the Circuit Judge to order that a fee of $1,200.00 be paid to Attorneys for the State Board of Bank Control and their Conservator from the assets of the Mechanics Building Loan Association?
"(3) Was it error for the Circuit Judge to provide that the Receivers should be liable for the expenses of the Conservator during the period that he illegally held the assets of the Association, and refer to the Master the question of the amount of said expenses, and thereby fail to hold that none of the costs and expenses incurred by the Conservator might be charged to the Association?"
"In addition to the statement of issues made by the Receivers of Mechanics Building Loan Association, * * *:
"(1) Should the costs of a test case brought for the purpose of testing and defining the powers of a government agency be charged against one building and loan association?
"(2) Should the costs and attorneys' fees of litigation expressly against and in derogation of an order of the Circuit Court be charged against a building and loan association where such litigation is defeated?"
We will pass upon the issues as stated by the Receivers in the order above set out.
The Court costs of the State Board of Bank Control decreed to be reimbursed by the Receivers of the association appear to be for disbursements and expenditures in printing the case in the original jurisdiction of this Court against Honorable Thos. S. Sease, Judge, and the argument therein and the printing of the argument in the case titled as this one, and reported in 191 S.C. 260, 1 S.E. (ed), 512. In *Page 171 
other words, all Court costs claimed by the Board are Supreme Court costs.
Section 756 of the Code of Civil Procedure, 1932, reads as follows:
"In every civil action commenced or prosecuted in the courts of record in this State (except cases in chancery) the attorneys of plaintiff or defendant shall be entitled to recover costs and disbursements of the adverse party, as prescribed in sections 757, 758, and chapter 117, such costs to be allowed as of course to the attorneys of plaintiff or defendant, and all officers of the court thereto entitled, accordingly as the action may terminate, and to be inserted in the judgment against the losing party. In cases in chancery, the same rule as to costs shall prevail, unless otherwise ordered by the Court * * *."
Section 759 of Code of Civil Procedure, 1932, provides that in all actions and proceedings brought in the original jurisdiction of the Supreme Court, the Court shall have the power to provide by rule, order or otherwise, for the payment of reasonable costs and disbursements of the case by the losing party, or otherwise, as in the judgment of the Court may be just and proper, such costs and disbursements to be taxed and adjusted by the Clerk of said Court under the direction of the Court.
The record does not disclose the separate amounts claimed by the Bank Board as costs and disbursements in the case brought in the original jurisdiction of this Court against Judge Sease, and their costs and disbursements in the appealed case. However, this is immaterial under our view of the present appeal.
In the case brought in the original jurisdiction of the Court, Mechanics Building Loan Association and its receivers were not parties to the action and do not come under Section 770 of the Code; the Court did not order any costs to be paid to the board of bank control; no costs and disbursements have been taxed by the Clerk of said Court under the direction of the Court. *Page 172 
The learned Circuit Judge evidently based his decision on the theory that this being a case in equity, it was within the discretion of the Court as to who should pay the costs. Section 756 Code, supra. However, he did not distinguish between Circuit Court costs and Supreme Court costs.
In Cauthen v. Cauthen, 81 S.C. 313, 315, 316, 62 1-3 S.E., 319, 320, we find the following:
"This being a cause in equity, liability for the costs of the circuit court is generally controlled by the decision of the circuit judge. Williams v. Jones, 74 S.C. [258], 281, 54 S.E. 558. The exercise of the court's discretion in such matters will not be interfered with, except for a clear abuse of discretion, or for violation of some principle of law. The ordinary rule that costs must be taxed in favor of the prevailing party against the losing party is not necessarily binding on the chancellor, and is only effective in equity cases when not otherwise ordered by the court. Section 323, Code Civ. Proc. * * *.
"With respect to Supreme Court costs and disbursements as specified in class B, a different rule prevails. It has been settled by a number of decisions that even in equity cases costs and disbursements in the Supreme Court are taxed in favor of the prevailing party against the losing party on said appeal, and that the circuit judge or chancellor has no power or discretion to make a contrary direction. Hall v.Hall, 45 S.C. 4, 22 S.E. 881; Cunningham v. Cauthen, 47 S.C. [150] 164, 25 S.E. 87; Jennings v. Parr, 66 S.C. [385], 388, 44 S.E. 962. * * *"
Again in the recent case of Health v. Town of Darlington,176 S.C. 252, 257, 180 S.E., 52, 54, Mr. Justice Bonham in writing the opinion of the Court, quoted with approval from the opinion of the Court in Hall v. Hall, 45 S.C. 4,22 S.E., 881, the following:
"`The first and second exceptions will be considered together, as they raise substantially the question whether the prevailing party in the supreme court has the right to tax the costs of the appeal before final judgment in the cause. *Page 173 
The question is conclusively settled by the case of Huff v.Watkins, 25 S.C. 243. These costs are not within the discretion of the circuit judge, sitting as a chancellor. They do not fall within that statutory provision empowering the judge to direct, in equity cases, which of the parties shall pay the costs. * * *' "
The order appealed from negatively reverses the order of the Clerk of the Circuit Court for Spartanburg County in taxing the costs and disbursements of the receivers and Mrs. Claffy against the State Board of Bank Control. What we have said above, of course, equally applies to this negative reversal or ruling of Judge Grimball as to Supreme Court costs and disbursements. Therefore, so much of the order of Judge Grimball as reverses the order of the Clerk taxing these costs and disbursements against the State Board of Bank Control is reversed. We will not disturb his ruling as to the small item of Circuit Court costs, for reasons unnecessary to mention other than that there is every probability that some of these costs would have accrued in the receivership proceedings without the interference of the bank control board, and it has not been shown that the Circuit Judge abused his discretion.
The position of the board of bank control that the board being an agency of the State, is not liable for the costs and disbursements of unsuccessful litigation in which it was engaged is untenable and was not argued. See Sawyer v. State Highway Department, 164 S.C. 53,161 S.E., 883.
The second question raised by this appeal is difficult only for the reason that we are loath to see attorneys ably represent and present their client's cause and then go unrewarded for their services. Indeed, had we not been otherwise informed in oral argument, we could well have assumed that when the board went outside of the Attorney General's office for legal representation, it had funds in sight with which to pay for such services. But this does not permit the Court to decree that any portion of the assets of the Mechanics *Page 174 
Building Loan Association be used to pay them. These gentlemen were employed, not by the building and loan association, nor by its stockholders, nor by the Receivers, but by the State Board of Bank Control for the purpose, incidentally, of thwarting the order of the Court of Common Pleas for Spartanburg County apointing Receivers for said building and loan association, but in the main, to test the right of said board to liquidate the subject association. We in no wise impugn the motives of either the State Board of Bank Control or its attorneys, but on the contrary freely grant that the board was sincere in its legal position, and that its attorneys were equally sincere, and most faithful in their representation of their client's cause; however, we are unable to find in the record where the services of the board's attorneys have benefited the association, or that they have brought property into the hands of the Court for the benefit of any class of persons, stockholders or creditors.
Had the banking board through its conservator promptly relinquished custody of the assets of the building and loan association to the receivers appointed on June 4, 1938, by Judge Sease, there would have been no visible cloud on the title to its real estate when conveyed by the receivers under orders of the Court of Common Pleas. Therefore, if this litigation has removed a cloud, it was one created largely, if not wholly, by the action of the State Board of Bank Control in its refusal to relinquish to the receivers the custody of the assets involved.
There is not such an analogy between the facts of this case and the cases cited by the board of bank control and its conservator, wherein executors of wills were allowed costs and attorney's fee in defending the wills, as to make these cases applicable, or authority for the board's position herein.
It is the conceded law in this State that it is the duty of one named as executor in a writing testamentary to propound the instrument for probate, and where an attack is made upon such instrument of writing, it is the *Page 175 
executor's duty to uphold the will; and attorney's fees incurred in his attempts so to do are a charge upon the estate, without regard to success. In the instant case and prior to any services rendered by counsel for the State Board of Bank Control, there had been an adjudication by a Court of competent jurisdiction that Receivers named were entitled to the custody of the assets of Mechanics Building Loan Association, and to liquidate same in an orderly manner under the direction of the Court of Common Pleas for Spartanburg County; and all persons in custody or possession of assets of the association were directed to deliver the same to the receivers. It cannot be said that under these circumstances there was a recognized duty to be performed by the State Board of Bank Control or its conservator in behalf of the association. The Board took its chances under the Statute when it purported to act as authority for withholding the assets of the association from its receivers.
Let us say, dehors the record, that if the office of the Attorney General of the State has not a contingent fund out of which these attorneys may be paid the very reasonable fee which Judge Grimball undertook to allow them from the assets of the association, it is the writer's hope that the Legislature will appropriate at its next convening the necessary funds to enable the State Board of Bank Control to pay such fee. These attorneys have performed a service resulting in clarifying the position of the State Board of Bank Control in reference to building and loan associations which, though solvent, have ceased to function.
We could well predicate our holding as to the third issue that it is apparent that the order appealed from undertakes to modify the order of Judge Sease in this cause of date March 31, 1939, from which we have already herein set out the applicable portion. And, of course, the prior order of one Circuit Judge may not be modified, if such modification be antagonistic, by the order of another Circuit Judge subsequently made. Carolina Baking Companyv. Geilfuss et. al., 169 S.C. 348, 168 S.E., 849; McCormick *Page 176 v. Rush, 176 S.C. 235, 180 S.E., 43. However, and a side from this, it would be an anomaly indeed to hold that the Receivers are liable for the expenses of the board's conservator during the period that he illegally withheld from them the assets of the association, and thereby prevented them from performing their duties.
This being an equity case, in the interest of justice and the ending of further litigation hereabout, permission is hereby granted the conservator to apply to Honorable T.S. Sease, Judge of the Seventh Judicial Circuit, for a modification of his order of March 31, 1939, so as to allow the conservator to file his claim for expenses incurred in connection with the affairs of Mechanics Building Loan Association accruing between May 9, 1938, the date of his appointment, June 4, 1938, the date of the order of Judge Sease appointing receivers for the association, with the Master of Spartanburg County, and for his adjudication of the correctness and reasonableness thereof.
With the exception of disallowing the costs in the Court of Common Pleas, amounting to twenty-three and 85/100 ($23.85) dollars to be taxed against the State Board of Bank Control, the portions of the order appealed from are reversed.
MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES CARTER, BONHAM and FISHBURNE concur.