15190

MUTUAL BUILDING & LOAN ASS'N OF SUMTER v. HEWSON

(12 S. E. (2d), 715)

*Mr. A. S. Merrimon,* for appellant,

*Mr. M. M. Weinberg,* for respondent.

December 31, 1940.

The opinion of the Court was delivered by MR. ACTING ASSOCIATE JUSTICE L. D. LIDE.

We quote the following rather long excerpt from the statement contained in the Transcript of Record, because it forms a part of the order of the trial Judge settling the case for appeal: "This action growing out of the purchase by the defendant from the plaintiff of certain real estate under a contract providing for the payment of the purchase price in installments, was commenced on June 5, 1939. Defendant was put in possession of said real estate by plaintiff at the time of its purchase and has since remained and is now in possession of the same. The answer sets up title and the right of possession in the defendant, denies breach of the contract by defendant, alleges its breach by plaintiff, and its modification by subsequent agreement of the parties, claims payments made for which no credit was given, and demands an accounting. After answer, defendant gave notice that motion would be made for an order requiring certain issues of fact involved in the cause to be tried by a jury. Plaintiff thereafter moved for an order of reference before his Honor, Judge Philip H. Stoll, who passed an order providing: 'It is ordered that an order of reference is refused at this time and that the legal issue made by the pleadings as to the right to the possession of the real estate involved in the action be first tried by a jury on Calendar 1, without prejudice to the right of either party to thereafter apply for an order of reference if so advised.' There was no appeal from this order. Pursuant thereto the cause was docketed by plaintiff for trial on Calendar 1. Thereafter defendant served due notice of demurrer to the complaint upon call of the case for trial upon the ground that the complaint does not state facts sufficient to constitute a cause of

action. Upon the call of the case for trial defendant's demurrer and motion to submit to a jury issues of fact mentioned in the notice with respect thereto, were heard by his Honor, Judge M. M. Mann, who after full argument by counsel on both sides passed the order of reference set out in the Transcript of Record. From this order defendant gave due notice of appeal."

Although a portion of Judge Stoll's order is contained in the foregoing statement, we think it had better be set forth in full, for the reason that the construction of this order is the principal question involved in this appeal. The order is dated July 6, 1939, and is as follows:

"This is a motion by the plaintiff for an order of reference. Upon considering the pleadings, and after hearing argument of counsel for and against the motion.

"It is ordered that an order of reference is refused at this time and that the legal issue made by the pleadings as to the right to the possession of the real estate involved in the action be first tried by a jury on Calendar 1, without prejudice to the right of either party to thereafter apply for an order of reference if so advised."

We also think that the order of Judge Mann, from which this appeal was taken, should likewise be set forth in full. This order was dated April 15, 1940, and is as follows:

"This matter comes before me upon a demurrer to the complaint interposed by the defendant as well as a motion by the defendant to submit issues to the jury.

"I am unable to see anything of a legal action in the complaint inasmuch as it is merely an equitable action for the enforcement of a lien for unpaid purchase price.

"It sets up the contract the breach thereof and asks that the rights of the parties be fixed and determined in this action.

"It would seem to this Court that this is a matter which can be and should be handled to better advantage by a Master in equity.

For this reason the demurrer is hereby ordered overruled and the motion to submit issues is refused.

"This order in no wise modifies the order or orders of Hon. P. H. Stoll heretofore passed in the cause since said orders provide for further application to the Court for an order of reference or other similar relief.

"As stated above it appears conclusively that there is no legal issue involved whatsoever by reason of any of the allegations of the complaint and it would serve justice to have the Master pass upon all issues of law and fact and submit his findings thereon to this Court with leave to submit any special recommendation.

"And it is so ordered."

The defendant appeals to this Court from the order of Judge Mann and the Record contains six exceptions, but the sixth was withdrawn, and according to the brief of appellant the remaining five exceptions raise two questions, as follows:

"1. Does the order of Judge Mann review, overrule and reverse the order of Judge Stoll

"2. Was and is Judge Stoll's order the law of the case?"

Judge Mann was of opinion that his order did not modify the previous order of Judge Stoll, because that order provided for further application to the Court for an order of reference or similar relief. But upon a very careful consideration of Judge Stoll's order it seems to us that he therein and thereby expressly held and adjudged that "the legal issue made by the pleadings as to the right to the possession of the real estate involved in the action" should "be first tried by a jury on Calendar 1." Since there was no appeal from this order, it became the law of the case, and the same was correctly docketed on Calendar 1. It is true that the order goes on to say that it is "without prejudice to the right of either party to thereafter apply for an order of reference if so advised." But note the word "thereafter," which we think can only be interpreted to mean that *after* (but not *before*)

the legal issue was tried either party would have the right to apply for an order of reference for the determination of any equitable issues raised by the pleadings.

It should be said in this connection, in justice to the learned trial Judge, that perhaps the motion made by defendant's attorney before him for the submission of certain questions of fact to the jury may have tended to confuse the matter, but by reference to the notice thereof it will be seen that it is therein stated that this motion for certain questions of fact to be submitted to the jury was "in addition to the other issues involved in the above entitled cause which are triable by jury." Apparently this motion was based upon the provisions of Section 593, Code 1932, relating to the framing of equitable issues to be tried by a jury.

At any rate, Judge Stoll having definitely held that the pleadings made a legal issue as to the right to the possession of the real estate involved and that this issue should "be first tried by a jury," this ruling certainly became the law of the case, whether actually correct or not, there being no appeal taken therefrom, and of course could not be reviewed, modified or reversed by any succeeding Circuit Judge.

In the case of *Oates v. City of Easley,* 182 S. C., 91, 188 S. E., 504, 507, the defendant moved to transfer the case to Calendar 2, and for an order of reference; and this Court said: "Judge Gaston handed down an order by which he held that the plaintiff was 'entitled to go to trial upon the cause of action for nuisance,' and this issue is a legal one. He refused defendant's motion and ordered 'that the case stand for trial upon Calendar one upon the cause of action for nuisance, and upon no other cause of action.' From this order there was no appeal, hence, it became the law of the case."

Another somewhat similar case is *Georgian Company v. Britton,* 141 S. C., 136, 139 S. E., 217, wherein other authorities to the same effect are cited, among them being *Nixon Grocery Co. v. Spann,* 108 S. C., 329, 94 S. E., 531, 534, in which the Court says: "It is well settled that

one circuit judge cannot set aside or modify the orders of another, except in cases when the right to do so has been reserved to the succeeding judge, or when it is allowed by rule of court or statute."

In the recent case of *Ex parte Miller, State Board of Bank Control,* 192 S. C., 164, 5 S. E. (2d), 865, 870, the Court, speaking through Mr. Justice Baker, says: "And, of course, the prior order of one Circuit Judge may not be modified, if such modification be antagonistic, by the order of another Circuit Judge subsequently made. *Carolina Baking Company v. Geilfuss et al.,* 169 S. C., 348, 168 S. E., 849; *McCormick v. Rush,* 176 S. C., 235, 180 S. E., 43."

The order of Judge Mann in so far as it overruled the demurrer interposed by the defendant and refused the defendant's motion to submit certain additional issues to the jury is not involved in this appeal, and hence is not affected hereby; but the exceptions to so much of the order as adjudges, in contravention of the order of Judge Stoll, that no legal issue is made by the pleadings and that the case should now be referred to the Master to pass upon all issues of law and fact, are sustained; and to that extent the order of Judge Mann is reversed.

MR. CHIEF JUSTICE BONHAM, and MESSRS. JUSTICES BAKER, FISHBURNE and STUKES concur.